## TAYLOR v. THE STATE.

CONSTITUTIONAL LAW: SLAUGHTER HOUSES. (1, 2) *Statute restricting slaughter houses to certain local limits, valid.* (3) *Costs of prosecution no part of penalty under the statute.*
(4) REVERSAL OF JUDGMENT *for insufficient penalty.*

1. Where a business, *as ordinarily conducted,* is noxious or dangerous to the public, or any portion thereof, the legislature, in the exercise of the police power, may establish limits, away from the habitations of men, within which such business shall be carried on, however useful or necessary such business may be, and however careful to avoid injury to others particular persons engaged therein may be.
2. The statute of this state relating to *slaughter houses* (Laws of 1871, ch. 95, as amended by Laws of 1873, ch 136), is valid.

Taylor vs. The State.

3. The act does not authorize the imposition of *costs* of a prosecution un
   der it, as a part of the *penalty*.
4. The statute fixes the fine for any violation thereof at " not less than *ten*
   dollars ; " and where the court imposed a fine of only *five* dollars
   this is error for which the judgment will be reversed, on a writ of
   error sued out by the defendant. *Haney v. The State*, 5 Wis., 529, and
   cases cited in the note to new edition.

ERROR to the Circuit Court for *Fond du Lac* County.

This case was commenced before a justice of the peace, by
complaint which charges in writing, under the oath of the
complainant, that " *Z. H. Taylor* did, on the 25th day of July,
1873, at the town of Waupun in the county of Fond du Lac,
use a certain building heretofore erected, for the purpose of a
slaughter house, and used the same for slaughtering, and did,
at the time aforesaid, slaughter therein, and that said building
was, at the time and place aforesaid, so used as a slaughter
house by the said *Z. H. Taylor* within one-eighth of a mile of
certain dwelling houses used and occupied as such."

The case afterwards reached the circuit court, and on the
trial the plaintiff in error objected to the receiving of any evi-
dence, on the ground that the complaint failed to state facts
showing that any criminal offense had been committed. The
court overruled the objection. The uncontradicted evidence
proved the allegations of the complaint. The plaintiff in
error sought to prove that his slaughter house was kept
clean and sweet, and that it was not, in fact, a public or private
nuisance. The court sustained an objection to such proof, and
directed the jury to return a verdict of guilty ; and the jury
accordingly did so. Judgment was duly pronounced and
entered upon the verdict, that the accused pay a fine of five
dollars and costs of prosecution. The entry of judgment is as
follows : " The court sentenced the prisoner to a penalty of five
dollars and costs."

The case was brought to this court by writ of error.

*Ed. S. Bragg*, for plaintiff in error. [No brief on file.]

*The Attorney General, contra,* as to the validity of the act under which the prosecution was brought, cited Cooley's Con. Lim., 129, 573–5; Sedgw. on Stat. & Con. Law, 512; 10 Foster, 279; and he contended that although evidence that the place was kept clean, etc., might be competent in a proceeding at common law for the nuisance, it could not show a defense where there was a statutory prohibition.

LYON, J.    The statute under which this prosecution was instituted, is as follows: " If any person shall erect, maintain or keep a slaughter house, or use any building heretofore erected, for the purposes of a slaughter house, within the limits of any village of not less than one hundred inhabitants, or within one-eighth of one mile from any dwelling house or building used as a place of business, every such person shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not less than ten nor more than fifty dollars, at the discretion of the court."    Laws of 1871, ch. 95 (Tay. Stats., 1902, § 13), as amended by Laws of 1873, ch. 136.

The exceptions taken at the circuit are all founded upon the proposition that this act is an unreasonable and unauthorized restriction upon, and interference with, a lawful business, and hence that the-same is void.    In other words, the proposition is, that the legislature cannot impose restrictions upon a lawful business, and make a violation of those restrictions a misdemeanor, unless such violation renders the business a nuisance in fact.    If the act is a valid law, the complaint is doubtless sufficient; and it is quite immaterial, in such case, whether the slaughter house of the plaintiff in error was kept and conducted so as to render it a public nuisance, or otherwise.    If the act is invalid, the complaint fails to charge an offense, because it fails to allege facts showing that such slaughter house was a public nuisance.    Hence the sole inquiry is, whether the act is or is not a proper exercise of legislative power.

The act is an attempt by the legislature to exercise the

police powers possessed by that body. It is not easy to define and point out the exact limits of those powers.' They are for the enforcement of the maxim, or the mandate rather, of the law, " *sic utere tuo ut alienum non lædas,*" and are necessarily very extensive in their operation. Yet the police powers of the legislature are not without limitations. Should it be enacted that no person should keep a store for the sale of ordinary merchandize, or a shoemaker's or tailor's shop, a printing office or a law office, within a certain specified distance of a dwelling house, it is probable that the courts would not hesitate to hold that such legislation is beyond the scope of the police power of the legislature, and an unjustifiable restriction upon, and interference with, the fundamental rights of the citizen. And it would be so held on the ground that in no reasonable contingency was such legislation necessary for the protection of the public. On the other hand, no one will deny the validity of such a law as applied to a powder mill or a manufactory of nitro-glycerine. Here we have two classes of business equally lawful, the one absolutely safe, the other absolutely dangerous to all in the vicinity where the same is carried on; and between these two the limit of legislative authority to regulate and restrict necessarily is.

The business of slaughtering animals for the market is ordinarily and usually a noxious business, deleterious to the health of people in the vicinity where it is carried on. While it is possible so to keep and conduct a slaughter house that it shall not be a public nuisance, yet the law regards the business as a noxious one and the proper subject of legislative regulation and restriction. The principle seems to have been universally accepted and acted upon, that any business, which, as ordinarily carried on, is noxious or dangerous to the public, or any portion thereof, may be restricted to certain limits away from the habitations of men, no matter how useful or necessary to the public the business may be, and no matter how careful to avoid injury the persons may be who are engaged in it.

Nothing short of this power would enable the legislature to afford adequate protection to the public.

The laws, so numerous in all of the statute books, relating to cemeteries, to fire limits, to quarantine, to the exercise of certain trades or pursuits considered dangerous or unhealthy, to dangerous erections, etc., are, many of them, an application of the same principle ; and their validity is unchallenged. No case has been pointed out to us, and, after a somewhat extended search, we have been unable to find one, or to find the rule asserted in any respectable law book, which will justify us in holding that the act under consideration is void. The authorities are all the other way. It must be held, therefore, that the act is valid.

While the verdict should not be disturbed, the judgment pronounced upon it is erroneous. That judgment imposes upon the plaintiff in error a fine or penalty of five dollars and costs. The statute under which the prosecution was instituted fixes the penalty upon conviction at not less than ten nor more than fifty dollars, and does not authorize the imposition of costs as a part of the punishment. We are not aware of the existence of any law which authorizes the court to adjudge costs against the defendant in a case like this. But should such a statute be found, it would fail to save this judgment, for the reason that the fine or penalty imposed therein is less than the minimum fine prescribed by the law. The plaintiff in error has the right to be fined at least ten dollars; and any judgment which fines him less than that sum is erroneous, and must be reversed. It was so held by this court nearly twenty years ago, and the ruling has been followed ever since. *Fitzgerald v. The State,* 4 Wis., 395 ; *Haney v. The State,* 5 id., 529, and cases cited in note by the chief justice on p. 533. Let it not be said that the law fails to guard carefully, even jealously, the rights of persons who have been convicted of crimes or misdemeanors.

The judgment must be reversed, and the circuit court directed to pronounce the judgment which the law requires.

*By the Court.* — It is so ordered. .