FAUST vs. THE STATE.

45 273
74 223
45 273
88 162

CONSTITUTIONAL LAW: COURT COMMISSIONERS: JURISDICTION OF CIRCUIT COURT. *(1, 2) Power of court commissioner to take examination of offenders. (3, 4) Jurisdiction of circuit court over certain offenses.*
CRIMINAL LAW. *(5) When costs not imposable on convicted offender.*

1. The power of arrest and examination of offenders under process issued by judges of courts of record in vacation existed in this state at the time of

the adoption of the state constitution; and the right to continue this power, not being expressly taken away by the constitution, remains in the legislature; and, under sec. 23, art. VII, a like power may be conferred upon court commissioners.

2. Under sec. 1, ch. 176, R. S. 1858, court commissioners, as well as judges of courts of record in vacation, and justices of the peace, may take examinations in all cases of crimes or misdemeanors, including those created by subsequent statutes, unless the act creating a new offense *expressly prohibits* them from so doing; and they may take such examinations in cases arising under sec. 19, ch. 179, Laws of 1874 (R. S., sec. 1563).

3. Sec. 8, art. VII of the state constitution, gives the circuit courts "original jurisdiction of all matters civil and criminal within this state, not excepted in this constitution, and not hereafter prohibited by law." Sec. 4, ch. 95, R. S. 1858, provides that said courts shall have power "to hear and determine all cases of crimes and misdemeanors of whatever kind, not exclusively cognizable by a justice of the peace," committed within their respective circuits. *Held*, that nothing but a clear declaration that an offense created by statute shall be cognizable only by some inferior court, can deprive the circuit courts of jurisdiction thereof.

4. As ch. 179 of 1874, while it gives justices' courts power to try all offenses arising thereunder, does not expressly exclude the jurisdiction of other courts, the circuit courts have jurisdiction of such offenses.

5. In prosecutions under sec. 19 of said ch. 179, *commenced in the circuit court*, payment of costs could not be imposed upon the defendant on his conviction, there being no statute authorizing such a judgment. *Taylor v. The State*, 35 Wis., 298, followed; and *State v. Gumber*, 37 id., 298, distinguished.

ERROR to the Circuit Court for *Walworth* County.
The case is stated in the opinion.

The cause was submitted on the brief of *R. R. & S. W. Menzie* for the plaintiff in error, and that of the attorney-general for the defendant in error.

TAYLOR, J. An information was filed under sec. 19, ch. 179, Laws of 1874, against the plaintiff in error, *Faust*, in the circuit court of Walworth county, charging him with unlawfully keeping and maintaining a certain saloon or restaurant, where intoxicating liquors were sold by him in violation of law, and asking that the same be shut up and abated. Defendant was convicted, and the circuit court awarded judgment that the nuisance mentioned in the information be abated, and that no more intoxicating liquors be sold there without a

license therefor, and that the defendant pay the costs of the prosecution, amounting to $178.20, and stand committed to the common jail of Walworth county until such costs should be fully paid.

Defendant removed the record to this court by writ of error, and assigns the following errors: 1st. The court erred in refusing to quash the information, because there had been no legal examination as required by law. 2d. The court erred in not giving the instructions asked by the defendant. 3d. The court erred, in imposing, as a part of the punishment, the costs of the prosecution.

The defendant was arrested upon a warrant issued by a court commissioner, and the preliminary examination required by law was had before such commissioner. His counsel insists that a court commissioner has no jurisdiction to hold an examination on a charge of an offense which was created by law subsequent to the enactment of the revised statutes of 1858, unless the act which creates the new offense expressly confers such jurisdiction. We disagree with the learned counsel upon this point. Sec. 1, ch. 176 of the revised statutes of 1858, gives the jurisdiction to take such examinations to court commissioners as fully and amply as it does to the several judges of courts of record, or to justices of the peace. The construction sought to be put upon this section by the counsel for defendant would as effectually prevent any of the officers named in such section from taking the examination of a person charged with an offense created after the passage of that chapter, as it would the court commissioner. We think the true meaning of the section is, that the officers named in sec. 1 may take examinations in all cases of crimes or misdemeanors, without regard to the time when the acts defining the same were passed by the legislature, unless the act creating the new offense expressly prohibits them from so doing.

Again it is said by the counsel for the defendant, that under the constitution the legislature had no authority to confer upon judges of courts of record, or court commissioners, the power to issue process for the arrest and examination of per-

sons charged with crimes; and that therefore sec. 1 of ch. 176, R. S. 1858, so far as it confers that power upon court commissioners and judges in vacation, is void. This power was conferred upon the judges in vacation by the revised statutes of 1849, and upon the court commissioners in 1858; and we have no knowledge that the right to do so was ever questioned until the trial of this action. This long acquiescence of courts and the bar in the validity of the law is strong reason for believing that it is not invalid. There is, however, another fact which is conclusive of the right to confer that power both upon the judges and the court commissioners. It will be found that the general statutes of Wisconsin passed in 1839, long before the adoption of our state constitution, conferred this power upon the judges of the courts of record in the territory, to be exercised both in term time and in vacation. This power of arrest and examination of offenders by process issued by the judges of the courts of record in vacation, was a known power, conferred upon and exercised by the judges of the courts of record at the time of the adoption of the constitution of this state; and as the constitution of the state does not expressly take from the legislature the right to continue this power, it may, undoubtedly, confer it; and if it can be conferred upon the judges, then, under sec. 23, art. VII of the constitution, it can be conferred upon court commissioners.

It is further insisted that ch. 179, Laws of 1874, confers exclusive jurisdiction to hear and try all offenses arising under it, upon justices of the peace, and that therefore the circuit court had no power to try the case upon an original information. The answer to this is, that the act does not do so in express terms, and, if it does so at all, it is only by implication. Under sec. 8, art. VII of the constitution, the circuit courts are given "original jurisdiction of all matters, civil and criminal, within the state, not excepted in this constitution, and not hereafter prohibited by law." And by sec. 4, ch. 95, R. S. 1858 (Tay. Stats., 1306–7), it is enacted that the circuit courts "shall respectively have power and authority to hear and determine all cases of crimes and misdemeanors of whatever kind,

not exclusively cognizable by a justice of the peace, and which may be committed in any county or place within their respective circuits."

Under these provisions of the constitution and the laws, it seems to us that nothing but a clear declaration that an offense created by statute shall be cognizable only by a justice of the peace or some other inferior court, can take away the jurisdiction of the circuit courts. In this case, jurisdiction is given to the justice's court to try all offenses arising under ch. 179, Laws of 1874; but the statute does not give it to such courts to the exclusion of the circuit courts; and unless it does expressly exclude such jurisdiction, the same vests in the circuit courts. There was no error, therefore, in refusing to dismiss the information for want of jurisdiction.

We are of opinion that there was no error in refusing the instructions asked by the defendant, and the charge as given by the court was sufficiently favorable to the defendant.

As to the third assignment of error, we are inclined to hold that it is well taken. This court held in the case of *Taylor v. The State*, 35 Wis., 298–302, that, unless the law expressly provided that the costs of the prosecution could be adjudged to be paid by the defendant, upon his conviction of an offense, there was no power in the court to impose the payment of such costs upon the defendant. The imposition of costs upon a party to either a civil or criminal action is regulated by statute. At common law no costs were recoverable by either party. 3 Wait's Practice, 453. At the time this action was tried, there was no law in the state authorizing the circuit courts to impose costs in criminal actions upon the defendant in all cases. The right was given only in specific cases; and in the case at bar, unless the right is given by ch. 179, Laws of 1874, in case of a conviction of the offense defined by sec. 19 of said act, it does not exist.

In *State v. Gumber*, 37 Wis., 298, this court held that, in an action for the same offense charged in the information in the case at bar, commenced and tried before a justice of the peace, the defendant, upon conviction in the circuit court upon

appeal from the judgment of the justice, might be charged with the costs of prosecution. It was held, however, that sec. 19 of ch. 179, Laws of 1874, did not authorize the imposition of such costs; but as the action had been commenced in a justice's court, such court had the power, under sec. 30, ch. 121, R. S. 1858, to impose costs as a part of the judgment; and that, upon appeal to the circuit court, that court had the same power. The case at bar is distinguishable from *State v. Gumber*. This is an original information in the circuit court, and the law applicable to justices' courts only does not apply. There being no general law allowing a circuit court to impose costs as a part of its sentence, upon conviction of an offense, and sec. 19, ch. 179, Laws of 1874, not authorizing the imposition of costs upon conviction of the offense defined therein, as was held in *State v. Gumber*, the circuit court had no authority to adjudge that the defendant should pay the same or to commit him for the nonpayment thereof. Sec. 4633 of the revised statutes of 1878 now provides that, in every case where a fine is imposed as the whole or part of the punishment for any offense, the court shall also sentence the defendant to pay the costs of prosecution. This section is applicable to all courts, but it is probable it would not apply to a sentence under sec. 1563, R. S. 1878, which is a revision of sec. 19, ch. 179, Laws of 1874; as it is held that no fine can be imposed upon the defendant upon conviction of the offense charged in such section.

*By the Court.* — For the error of the circuit court in adjudging that the defendant should pay the costs of the action and stand committed until the same are paid, the judgment is reversed, and the cause remanded with direction to that court to render judgment upon the verdict abating the nuisance described in the information, without costs.