STATE v. ROBERT POWELL.

*Town Ordinance—Penalty—Misdemeanor—Jurisdiction.*

1. Under Art. I., §13, and Art. IV., §§12, 14 and 27, of the Constitution, the Legislature may establish Courts inferior to the Superior Court—may constitute the mayor of a town an "Inferior Court, with the jurisdiction of a justice of the peace," or may constitute him a "Special Court within the corporate limits of the town," with a larger jurisdiction than that of justice of the peace—and may dispense with a jury trial in "petty misdemeanors," and provide other means of trial for such offences.

2. Persons violating §§3 and 4 of the ordinances of the town of Mor-ganton, not only incur the penalty prescribed therein, but under §§11 and 12 of the charter of said town are also guilty of a misde-meanor, for which they may be tried and punished by the mayor as a "Special Court" for said town.

(*Causee* v. *Anders*, 4 D. & B., 246; *Pendleton* v. *Davis*, 1 Jones, 93; *Smithwick* v. *Ward*, 7 Jones, 64, and *State* v. *Moss*, 2 Jones, 66; cited and approved).

27*

INDICTMENT on appeal from the mayor of the town of Morganton, tried before *Graves, Judge,* at Spring Term, 1886, of BURKE Superior Court.

The Court dismissed the proceeding for want of jurisdiction, from which the Solicitor appealed. The facts are sufficiently stated in the opinion of the Court.

*The Attorney-General,* for the State.
*Mr. S. J. Erwin,* for the defendant.

SMITH, C. J. The prosecution against the defendant, commenced and tried before the mayor of the town of Morganton, is for a misdemeanor, in violating a town ordinance, and by defendant's appeal was carried to the Superior Court. The ordinance is set out in the record, and among other subjects of taxation, imposes upon the keeper of each stable a tax of ten dollars per annum, to be paid in advance, and a license obtained to carry on the business, and concludes with affixing a penalty, in these words:

" Any person or persons, or companies, who shall begin, carry on or practice any of the business, trades, practices, professions or arts enumerated in §3 (preceding), without first having paid the tax, and procured from the secretary of the board a license, shall forfeit and pay the sum of twenty-five dollars in addition to the tax."

The charge is, that the defendant did begin and carry on the trade or business of keeping a " livery stable for pay, without first having paid the privilege tax of ten dollars, and procuring a license from the secretary," &c.

The record of the proceedings in the Superior Court is not in entire harmony with the statement contained in the case sent, but the variance is not material. The entry in the record is: " Demurrer sustained. On motion of defendant's counsel, this action is dismissed for want of jurisdiction."

The case sets out that the defendant moved to quash and dismiss the said warrant and proceeding, upon the ground that the said ordinances enacted under said charter (Private acts. 1885, chap. 120,) created no criminal offence, but provided a simple penalty, recoverable by civil action, "which motion was sustained by the Court." The prosecuting Solicitor in the Court below contended, as the Attorney General here contends, that by virtue of §§11 and 12, the violation of the ordinances, although affixing a penalty, is likewise constituted a criminal act, the jurisdiction to try which is conferred upon the mayor.

The first of these sections confers upon this officer, in general terms, the jurisdiction and authority of a justice of the peace, and then proceeds to declare, that, "the mayor shall further be a Special Court within the corporate limits of the town, to have arrested and to try all persons who are *charged with a misdemeanor for violating any ordinance* of the town; and if the accused shall be found guilty, he shall be fined at the discretion of the Court or mayor, not exceeding the amount specified in the ordinance or ordinances so violated, or imprisoned at the discretion of the Court or mayor, not exceeding the length of time specified in the ordinance or ordinances, so violated, *or both; Provided,* the fine shall in no case exceed the sum of fifty dollars, nor the imprisonment thirty days." §12 enacts, "that any person violating any ordinance of the town, *shall be deemed guilty of a misdemeanor,* but the punishment thereof shall not exceed a fine of fifty dollars, and imprisonment at labor on the streets for thirty days, *or both.*"

It is quite apparent that violations of town ordinances not only impose a definite penalty, consisting of the license tax, which ought to be paid, increased by adding twenty-five dollars thereto, recoverable as such, but the quality of a criminal offence is imparted to them by the recited provisions of the incorporating statute.

Statutes are not infrequent in the course of legislation where a penalty is imposed for an act or neglect, and at the same time it exposes the offender to a criminal prosecution by the public, nor do we find the exercise of this power under the Constitution to have been questioned. It presents, not the case of a double punishment for one offence, but a single and divided punishment, enforced by different methods. In an action for an assault and battery where the object is the recovery of damages for the personal injury, a jury adds those that are punitory, while at the same time the wrong-doer may be made to suffer by a public prosecution for the same *illegal* act; *Causee* v. *Anders,* 4 D. & B., 246; *Pendleton* v. *Davis,* 1 Jones, 98 ; *Smithwick* v. *Ward,* 7 Jones, 64.

While the right of every person charged with crime of whatever grade to a trial by jury was secured in the former Constitution, and no power to punish without a convicting verdict could be conferred upon the officers of a town, as was decided in *State* v. *Moss,* 2 Jones, 66 ; a change has been made in the present Constitution, and the Legislature "may provide other means of trial for petty misdemeanors, with the right of appeal." Art. 1, §13.

The General Assembly is moreover authorized to distribute " the power and jurisdiction which does not pertain to the Supreme Court, among the other Courts prescribed in this Constitution, or *which may be established by law, in such manner as it may deem best.*" Art. 4, §12.

The first clause in section eleven of the charter, constitutes the mayor "an Inferior Court" and clothes him with the functions of a justice of the peace, whose jurisdiction is conferred and defined in §27, of Art. 4, of the Constitution. This jurisdiction in criminal cases is limited to the imposition of a fine or imprisonment, to each of which a maximum is affixed, and while neither can be exceeded, both punishments cannot be imposed, nor any parts of both.

But the mayor is also constituted, " a Special Court within the corporate limits of the town," and in this capacity his authority is enlarged, extending to the infliction of both punishments, by express words used in that and in the next section.

This enlargement of jurisdiction may have been the result of inadvertence, but it is plainly said, and must be held to convey the legislative intent. To this end we must annex to the exercise of the power under the Constitution, the incidents appertaining to the exercise of power by a justice of the peace in reference to a jury and an appeal, as contained in *The Code*, §898, and following. The association of the mayor's functions as those of "an Inferior Court" and of " a Special Court within the corporate limits" seems to indicate a similarity in the manner of their exercise as suggested.

There is error in the ruling, and this will be certified that the cause may proceed to trial according to the law as declared in this opinion.

Error.                                            *Venire de novo.*