O. R. OMOHUNDRO ET AL., *Appellants*, v. ALLIE JEANNETTE WILKINS, AND HER HUSBAND, V. D. S. WILKINS, *Appellees*.

ALLIE JEANNETTE WILKINS, JOINED BY HER HUSBAND, V. D. S. WILKINS, *Cross-Appellants*, v. O. R. OMOHUNDRO ET AL., *Cross-Appellees*.

Division B.

Opinion Filed October 14, 1927.

*George C. Bedell*, Attorney for Appellant;

*Kay, Adams, Ragland & Kurz*, Attorneys for Appellees.

PER CURIAM.—We have here a direct appeal and a cross-appeal by the same parties affecting identical subject matter. The direct appeal is from an order sustaining the demurrer of appellees, Allie Jeannette Wilkins and her husband, V. D. S. Wilkins, to the bill of complaint for partition exhibited against them by appellees, Glen and Bull. The cross-appeal is from an order denying the

application of cross-appellants for the appointment of a receiver to sell the timber and pay taxes on the lands involved in this litigation and denying the application of cross-appellants for a temporary restraining order to prevent the issuance of a tax deed to A. R. Carver covering the said lands.

The first question presented for our consideration relates to the taxation of costs in the case of Miller et al. v. Stokes et al., decided in the Circuit Court of Polk County, September 18, 1924.

The final decree in Miller et al. v. Stokes et al., was for specific performance and it was further decreed that in the event the defendants failed within five days to make deed, the commissioner named in the decree was required to do so. Pursuant to that part of the final decree awarding costs the clerk on the date of said final decree assessed the costs in the sum of $68.99 on which execution was issued and appellants equity in lands and timber valued at $100,000 was sold for $100 to satisfy said costs. Appellants demurrer attacks the validity of this sale and the deed executed pursuant thereto.

It is contended by appellants that this sale was void and conveyed no title because the said cost was not adjudicated and made a part of the final judgment by the court but was assessed as a mere ministerial act by the clerk and that the said costs could not be properly taxed until it was known whether the commissioner named in the decree with authority to execute a deed in the event that the defendants should fail within five days to do so would be called upon to make said deed.

That part of the final decree in Miller et al. v. Stokes et al., assessing the costs is as follows: It is further ordered, adjudged, and decreed that the Clerk of this Court

tax and assess the costs in this suit expended, and that the said complainants, J. T. Miller, Addie Malloy, Angus Patterson Malloy, Benjamin Swann Malloy, and John West Malloy, do have and recover of and from the defendants, Edgar Eugene Stokes, Allie Jeannette Wilkins (nee Stokes), and V. D. S. Wilkins, her husband, the amount of said costs.

We do not think that part of the final decree in Miller et al. v. Stokes et al. so quoted and which was designed to assess the costs in said cause was a sufficient compliance with the law and rules of practice in this State relating to such matters and if it had been we think that under all the facts shown to exist in this case, appellants were entitled to definite and specific notice of the assessment thereof and the execution and sale therein. It is true that the manual or physical act of assessing costs is in its nature clerical and may be performed by the clerk, but our statutes affecting the subject matter clearly indicate that the amount of the costs must be adjudicated by the chancellor.

As to the cross-appeal we find nothing in the record warranting the appointment of a receiver for the purposes therein named. We think, however, that the temporary restraining order prohibiting the issuance of a tax deed to A. R. Carver describing the lands in litigation should have been granted as there appears to have been no attempt whatever to comply with the law in the issuance of the tax certificate or certificates to Carver as a basis for said deed. The said certificates were therefore void and ineffectual as a predicate for title.

It follows that the decree of the chancellor on the direct appeal is reversed. On the cross-appeal the decree of the chancellor refusing the appointment of a receiver is affirmed, but that part of said decree denying a temporary

restraining order prohibiting the issuance of a tax deed to A. R. Carver is reversed.

Affirmed in part.

Reversed in part.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.