J. T. LINDSEY v. GEO. J. DYKES, as Clerk of the Circuit Court in and for Lake County.

175 So. 792.

Opinion Filed July 31, 1937.

*Wells & Hall,* for Appellant;
*J. W. Hunter,* for Appellee.

BUFORD, J.—In this case appeal is from an order dissolving a temporary restraining order. The temporary restraining order was granted pursuant to the allegation of the bill of complaint alleging that the complainant had been convicted in the Circuit Court in and for Lake County, Florida, at the Spring Term thereof, for the offense denounced by Section 5563 R. G. S., 7749 C. G. L., and thereupon been sentenced as follows:

"THE STATE OF FLORIDA v. J. T. LINDSEY.

"SENTENCE.

"* * * It is, therefore, now the sentence of the law and the judgment of the Court, that you, J. T. Lindsey, pay a fine of Two Hundred (200.00) Dollars and all costs of prosecution, and, in default of the payment of such fine and costs that you be punished by imprisonment in the county jail of Lake County at hard labor for the period of twelve months."

That complainant had paid the fine imposed of $200.00 and that the Clerk had demanded of the complainant the sum of $247.25 as costs "and in default of such payment has threatened to enter up an execution as provided by law against the plaintiff herein and his said bondsmen in the amount so demanded."

The temporary restraining order provided in part as follows:

"IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED that pending the further order of this Court that the defendant, Geo. J. Dykes, as Clerk of the Circuit Court in and for Lake County, Florida, be and he is hereby enjoined and restrained from issuing an execution against the plaintiff herein, and his bondsmen, to-wit: Chas. T. Chandler and C. A. Childs, based upon the bond for costs described in and attached to the bill of complaint in this cause or based upon the conviction and judgment described in the bill of complaint herein."

Section 6161 R. G. S., 8475 C. G. L., provides as follows:

"Judgment for costs on conviction.—In all cases of conviction for crime the costs of prosecution shall be included and entered up in the judgment rendered against the convicted person."

It is well settled that independently of special statutory authorization, the court has no power to award costs against a defendant on conviction. 15 C. J. 319; Moore v. People, 37 Ill (a) 641; State v. Stone, 40 Mont. 88, 105 Pac. 89; Faust v. State, 45 Wis. 273; Taylor v. State, 35 Wis. 298.

In the case of Omohundro, *et al.,* v. Wilkins, *et al.,* 94 Fla. 649, 114 Sou. 502, we said:

"That part of the final decree in Miller, *et al.,* v. Stokes, *et al.,* assessing the costs is as follows: It is further ordered, adjudged and decreed that the Clerk of this Court tax and assess the costs in this suit expended, and that the said complainants, J. T. Miller, Addie Malloy, Angus Patterson Malloy, Benjamin Swann Malloy and John West Malloy, do have and recover of and from the defendants, Edgar Eugene Stokes, Allie Jeannette Wilkins (nee Stokes), and V. D. S. Wilkins, her husband, the amount of said costs.

"We do not think that part of the final decree in Miller,

*et al.,* v. Stokes, *et al.,* so quoted and which was designed to assess the costs in said cause was a sufficient compliance with the law and rules of practice in this State relating to such matters and if it had been we think that under all the facts shown to exist in this case, appellants were entitled to definite and specific notice of the assessment thereof and the execution and sale therein. It is true that the manual or physical act of assessing costs is in its nature clerical and may be performed by the clerk, but our statutes affecting the subject matter clearly indicate that the amount of the costs must be adjudicated by the Chancellor."

We think that the rule enunciated in that case applies here and that the judgment as entered did not sufficiently designate the amount of the costs to be recovered. We hold, however, that the judgment is such that a judgment may now be entered *nunc pro tunc* designating the amount of costs to be recovered, thereby complying with Section 8475 C. G. L., requiring that "the costs of prosecution shall be included and entered up in the judgment rendered against the convicted person."

For the reasons stated, the order appealed from is reversed and the cause remanded with permission to the court below to enter a proper judgment *nunc pro tunc* and if such judgment be entered then to allow the Clerk of the Circuit Court, defendant in this cause, to plead the same in this cause.

It is so ordered.

TERRELL, BROWN and CHAPMAN, J. J., concur.