102 So.2d 818 (1958)
CITY OF MIAMI, a municipal corporation, Petitioner,
v.
Mary GILBERT, Respondent.
No. 58-3.
District Court of Appeal of Florida. Third District.
May 15, 1958.
William L. Pallot, City Atty., and James J. McVeigh, Asst. City Atty., Miami, for petitioner.
Martin Lemlich and Eugene Lemlich, Miami, for respondent.
PEARSON, Judge.
The petitioner, City of Miami, by petition for a writ of certiorari seeks review of an order of the circuit court taxing as costs the fee for a supersedeas bond paid by the respondent upon an appeal to *819 the circuit court from the Municipal Court of the City of Miami.
The respondent was convicted of a violation of an ordinance of the City of Miami and was thereupon fined the sum of $500 or 60 days in jail, or an additional 60 days in jail if the fine was not paid. From this judgment and sentence an appeal was taken to the circuit court[1] and the amount of the appeal bond was set at $1500. A fee of $150 was paid to a surety company in order to procure this bond. The judgment of the municipal court was reversed. Thereafter, an affidavit of costs was filed and upon motion of the respondent, the circuit court entered an order granting several items as costs. One of the items granted was the fee paid for the appeal bond.
Costs in a criminal proceeding are not recoverable in the absence of a statutory provision. See Lindsey v. Dykes, 129 Fla. 65, 175 So. 792 and cases cited at 62 C.J.S. Municipal Corporations § 381, p. 726.
The respondent urges that a prosecution for the violation of a municipal ordinance is a civil case at law which would place the assessment of costs within the purview of § 58.08, Fla. Stat., F.S.A.[2] While it has been held that punishment of offenses against municipal ordinances are not "criminal prosecutions"[3] as contemplated by Section 11, Declaration of Rights, Fla. Const., 25 F.S.A.[4] nevertheless, they do partake of the nature of criminal rather than civil proceedings.[5]
Sect. 58.08, supra, is by its terms expressly limited to "any civil cause." It cannot reasonably be construed to apply to the proceedings of a municipal court which are quasi-criminal in character. The right sought to be vindicated by judgment is that of the public against an individual for the violation of a duly constituted ordinance, and the end sought by prosecuting the violator is punishment for an injury to the community and not recompense for the benefit of an individual.
The petition for writ of certiorari is granted and that portion of the order of *820 the circuit court taxing as costs the fee paid for the respondent's appeal bond is quashed.
CARROLL, CHAS., C.J., and HORTON, J., concur.
NOTES
[1] It should be noted that this appeal to the circuit court was filed prior to July 1, 1957, which was the effective date of the Florida Appellate Rules, 31 F.S.A. These rules now govern appeals from the municipal courts to the circuit courts. See particularly Rules 1.1, 1.4, 3.16, subd. b, and 4.7. See also Rule 6.1 effective July 1, 1958. Therefore Sec. 932.52. Fla. Stat., F.S.A., under which the instant appeal was taken has now been superseded by the Florida Appellate Rules in all particulars where there is conflict.
[2] "[Section] 58.08 Costs; premium on surety bonds, etc.  If costs shall be awarded to either or any party in any civil cause at common law or in equity in any court of the State of Florida, then the reasonable premiums or expenses paid on all bonds or stipulations, or other security furnished in the said cause by the prevailing party in whose favor such costs are allowed, may in the discretion of the judge of the court be taxed and allowed as a part of the costs of the case."
[3] Wright v. Worth, 83 Fla. 204, 91 So. 87.
[4] "Section 11. Rights of accused; speedy trial, etc.  In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed, and shall be heard by himself, or counsel, or both, to demand the nature and cause of the accusation against him, to meet the witnesses against him face to face, and have compulsory process for the attendance of witnesses in his favor, and shall be furnished with a copy of the indictment against him."
[5] Ex parte Hall, 255 Ala. 98, 50 So.2d 264; City of Moultrie v. Csiki, 71 Ga. App. 13, 29 S.E.2d 785; Village of Maywood v. Houston, 10 Ill.2d 117, 139 N.E.2d 233; Board of Health v. New York Cent. R. Co., 10 N.J. 294, 90 A.2d 729; State v. Powell, 97 N.C. 417, 1 S.E. 482; Ex parte Simmons, 4 Okla. Cr. 662, 112 P. 951, 959; O'Haver v. Montgomery, 120 Tenn. 448, 111 S.W. 449; City of Sheridan v. Cadle, 24 Wyo. 293, 157 P. 892. See also 9 McQuillin, Municipal Corporations, § 27.06 (3d Ed. 1950).