ALLEN, Judge.
Petitioner was prosecuted in the Municipal Court of the City of Orlando, and upon suffering an unfavorable judgment, he appealed to the circuit court. Such judgment was entered March 31, 1958, and petitioner filed his appeal 43 days later, on May 13, 1958. Respondent City moved to dismiss the appeal, and the circuit court granted the motion on the ground such appeal was not taken within 30 days as provided by Statute.
The sole question raised by these proceedings is whether the Florida Appellate Rules effective from July 1, 1957, to July 1, 1958, superseded Section 932.52(2), Fla. Stat.1955, F.S.A. Said section reads as follows:
“(2) Appeals under this section shall be taken and filed within thirty days from and after rendition of the judgment appealed from.”
Petitioner contends that the 1957 Appellate Rules superseded the above section so that his appeal was controlled by Rule 6.2, Florida Appellate Rules, 1957, 31 F.S. A., which reads as follows:
“Rule 6.2. When Appeal To Be Taken By Defendant—
“Any appeal by the defendant shall be taken within 90 days after the judgment is entered, or from the judgment or sentence, or both, within 90 days after the sentence is entered.”
The circuit judge held that Section 932.52(2), supra, was not superseded by the 1957 Appellate Rules and with this holding we agree, Rule 1.4, Florida Appellate Rules 1957, reads as follows:
“Rule 1.4. Effective Date: Repeal—
“These rules shall become effective July 1, 1957. Proceedings commenced prior to July 1, 1957, shall be governed by the rules theretofore in effect. From their effective date as to proceedings commenced after June 30, 1957, these rules shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court.”
Rule 6.1, Florida Appellate Rules 1957, read as follows:
“Rule 6.1. Applicability Of Part VI—
“Appeals in criminal cases to the Supreme Court the district courts of appeal shall be prosecuted in accordance with Part VI of these rules and, except as herein stated, with such provisions of other parts of these rules *418 as are not inconsistent with the provisions of Part VI.”
Rule 3.2(b), Florida Appellate Rules 1957, reads as follows:
“Rule 3.2(b) Time—
“Appeals from final decisions, orders, judgments or decrees shall be commenced within 60 days from the rendition of the final decision, order, judgment or decree appealed from, unless some other period of time for taking an appeal is specifically provided by statute or these rules.”
We hold, as did the circuit court, that Section 932.52(2) Florida Statutes, supra, controlled the time for taking appeals in municipal cases, and that, therefore, the appeal in this case was taken too late.
We should point out that the 1958 amendments to the Florida Appellate Rules amended Rule 6.1, supra, by making Part VI of the Florida Appellate Rules specifically applicable to criminal appeals to the circuit court, including appeals from the municipal courts. We do not, however, in this case, pass upon the applicability of the amended rule with reference to the time for taking appeals in municipal cases.
In the oral argument of this case, the attorney for the respondent, City of Orlando, called to the attention of the court the case of City of Miami v. Gilbert, Fla.App.1958, 102 So.2d 818, decided by the District Court of Appeal of Florida, Third District. We commend the City Attorney of Orlando for such high conduct.
A study of this case convinces this court that the District Court of Appeal did not hold that the time for taking of appeals in municipal cases was extended from the statutory time of 30 days to 90 days as provided for criminal appeals. In the first place, the appeal in the case of City of Miami v. Gilbert, supra, to the circuit court was filed prior to July 1, 1957, the effective date of the Florida Appellate Rules and, in the second place, the question involved was an order of the circuit court taxing as costs a fee paid for a supersedeas bond paid by respondent upon an appeal to the circuit court from the municipal court and the time for taking appeal was not involved in said case.
For the reasons above stated, certiorari is denied.
KANNER, C. J., and SHANNON, J., concur.