Mr. Burt L. Saunders County Attorney Collier County Building F Collier County Courthouse Naples, Florida 33962
Attention: Bruce Anderson Assistant County Attorney
Dear Mr. Saunders:
This is in response to your request for an opinion on substantially the following questions:
 1. WHETHER THE BOARD OF COUNTY COMMISSIONERS IS OBLIGATED TO PAY COURT REPORTER COSTS INCURRED BY THE STATE ATTORNEY IN THE INVESTIGATION OR TRIAL OF CRIMINAL DEFENDANTS?
 2. WHETHER THE BOARD OF COUNTY COMMISSIONERS IS OBLIGATED TO PAY THE FEES AND COSTS OF EXPERTS AND OTHER POTENTIAL WITNESSES CONSULTED PRIOR TO TRIAL BY EITHER THE STATE ATTORNEY OR THE PUBLIC DEFENDER?
The general rule of law regarding the recovery and allowance of court costs is that independent of statutory authorization, no right to or liability for such costs exists. See, Warren v. Capuano, 269 So.2d 380 (4 D.C.A.Fla., 1972); Lindsey v. Dykes,175 So. 792 (Fla. 1937); Wood v. City of Jacksonville, 248 So.2d 176 (1 D.C.A.Fla., 1971). See generally, 20 Am.Jur.2d Cost s 108. The word "costs" for purposes of this opinion is defined to include only those expenses of prosecution allowed by statute that can be taxed as costs against a person convicted of a crime or those expenses of the defendant allowed by statute to be taxed as costs. This rule of law has been applied by this office on a number of occasions in determining whether a county has the responsibility for the court costs of indigent defendants. See, e.g., AGO's 74-301 (county responsible for court costs of convicted insolvent defendant, including costs of deposition taken pursuant to Rule 3.220, Fla.R.Crim.P. [1974], expert witness fees and expenses of expert witnesses used at trial, but does not have the responsibility to pay for costs incurred by the State Attorney's Office in preindictment or preinformation investigations not permitted to be assessed as court costs by the statutes and laws of the state); 72-39 (only those expenses of the state attorney and the public defender that are recoverable as "court costs" from the defendant, if convicted and solvent, or from the county if the defendant is discharged or is insolvent, are required to be paid from county funds; the expense of pretrial preliminary hearing or criminal investigation does not ordinarily become a "court cost" and thus is not required to be paid by the county; however, under paragraph [i] of Rule 1.220 [now Rule 3.220(k), Fla.R.Crim.P., the reasonable cost of the operation of the discovery rules is required to be taxed against the county after a defendant is adjudged insolvent); AGO 75-271 (preindictment and preinformation investigation expenses are not the responsibility of the county unless they are assessable as court costs under an applicable statute or rule; cost of discovery pursuant to Rule 3.220, Fla.R.Crim.P., by the state attorney is borne by that office unless the deposition is placed into evidence and becomes a court cost). See generally, 20 C.J.S. Costs s 441 (liability of county for costs of the defendant is governed by statute and its liability is limited in accordance with the statutory provisions).
Section 939.01, F.S., provides: "In all cases of conviction for crime the costs of prosecution shall be included and entered up in the judgment rendered against the convicted person." (e.s.) However, s 19, Art. I, State Const., provides: "No person charged with crime shall be compelled to pay costs before a judgment of conviction has become final." Section 939.15, F.S., provides the statutory basis for a county's responsibility for court costs:
 When the defendant in any criminal case pending in any circuit or county court, a district court of appeal or the Supreme Court of this state has been adjudged insolvent by the circuit judge or the judge of the county court, upon affidavit and proof as required by s. 924.17 in cases of appeal, or when the defendant is discharged or the judgment reversed, the costs allowed by law shall be paid by the county in which the crime was committed, upon presentation to the county commissioners of a certified copy of the judgment of the court against such county for such costs.
Section 939.07, F.S., in relevant part, provides, that "[i]n all criminal cases prosecuted in the name of the state in the circuit courts or county courts in this state where the defendant is insolvent or discharged, the county shall pay the legal expenses and costs, as is prescribed for the payment of costs incurred by the county in the prosecution of such cases . . . ." These statutes operate to excuse convicted and insolvent or discharged defendants from the payment of court costs but provide for the payment of properly assessed costs by the county. See also, s 939.06, F.S., which provides that if an acquitted or discharged defendant in a criminal prosecution has "paid any taxable costs in the case, the clerk or judge shall give him a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to him by the county." And see, s 939.03, F.S, specifying liability for court costs in capital cases.
A claim against the county for court costs shall be submitted as an itemized bill or statement to the board of county commissioners and "shall not be paid until the board of county commissioners shall have approved it and certified thereon that the same is just, correct and reasonable, and that no unnecessary or illegal item is contained therein." Section 939.08, F.S. Section 142.01, F.S., establishing a fine and forfeiture fund for each county of the state provides that "[s]aid funds shall be paid out only for criminal expenses, fees, and costs, where the crime was committed in the county and the fees and costs are a legal claim against the county[.]" See, e.g., AGO's 79-24 and 76-183. Applying these general principles of law, your questions are specifically answered as follows.
QUESTION ONE
In general, the county is responsible to pay only those court reporter costs that are provided by statute or court rules as taxable court costs assessed against an insolvent or discharged defendant. See generally, AGO 72-39. In AGO 75-271, this office stated: "The county is required to pay only those expenses incurred in the actual trial proceedings and not expenses incurred in preliminary investigations by the state attorney prior to the finding or filing of an information or indictment charging the commission of a crime." Thus, that opinion concluded that there is no statute or rule of procedure providing that the expense of procuring a copy of a deposition taken pursuant to Rule 3.220, Fla.R.Crim.P., may be taxed as a court cost pursuant to s 939.01, F.S., and therefore, the county was not responsible for such expense under ss 939.07 and 939.15, F.S. Such expense must be borne by the state attorney and paid out of his operational budget. Cf., s 939.14, F.S., which relieves the county of responsibility for certain court costs, provides that a person held to bail or committed to answer a criminal charge in a county or circuit court, "and an information is not filed nor an indictment found against such person, the costs of such committing trial shall not be paid by the county, except the costs for executing the warrant."
No substantive changes have been made in the statutes since that opinion was rendered to alter the conclusion reached therein. See also, AGO 72-39, wherein this office stated that "[t]he expense of a pretrial preliminary hearing or criminal investigation does not ordinarily become a `court cost' and thus is not required to be paid by the county." The rule of law was summarized in AGO 74-301: "The pretrial expenses of preliminary hearings, criminal investigations, and grand jury hearings that do not become a part of the court costs are payable from funds allocated to the operating expense of the state attorney's office and may not be charged against the county." The one narrow exception for this rule exists when a deposition or transcript of a court reporter is used at the trial of the criminal defendant and placed into evidence thus becoming a taxable court cost under the statutes. See, AGO 75-271 (the cost of discovery pursuant to Rule 3.220, Fla.R.Crim.P., by the state attorney is borne by that office, unless the deposition is placed into evidence and becomes a court cost).
It is therefore my opinion, unless and until judicially or legislatively determined otherwise, that the county is not responsible for court reporter costs incurred by the state attorney in the investigation of a criminal case, unless the deposition or transcript is later placed into evidence at the trial and becomes part of the taxable court costs payable by the county as provided in s 939.15, F.S.
QUESTION TWO
Concerning expenses incurred prior to trial for fees and costs of experts and other potential witnesses, the rule relating to liability for costs is equally applicable. Unless some statute or provision of law places responsibility on the county for such costs, the county is not liable for these costs. I am not aware of, nor has my attention been brought to, any statute or rule of court that makes the fees and costs of experts and other potential witnesses consulted prior to trial by either the state attorney or the public defender taxable court costs. Thus, the county is not responsible for such pre-trial expert and other witness fees and costs pursuant to ss 939.07 and 939.15.
In summary, it is therefore my opinion, unless and until judicially or legislatively determined otherwise, that the county is not responsible for court reporter costs incurred by the state attorney in the investigation of a criminal case, unless the transcript of the deposition is later placed into evidence at the trial and becomes part of the taxable court costs payable by the county as provided in s 939.15, F.S.; the county is not responsible for fees and costs incurred prior to trial by either the state attorney or public defender for consulting experts and other potential witnesses.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General