## HOLTON vs. HENDLEY.

1. Where a *certiorari* was taken from the trial of a case of forcible entry and detainer before a justice and jury, and the plaintiff in *certiorari* paid the costs which had accrued and gave bond for all future costs, this was a substantial compliance with the statute, and a motion to dismiss the *certiorari* was properly refused. In such a case there is no eventual condemnation money except the costs.

2. On the trial of a case of forcible entry and detainer, a party is entitled to purge the jury by putting them on their *voire dire*, in order to show that they are not fair and impartial jurors.

October 27, 1885.

Bonds. Forcible Entry and Detainer. *Certiorari.* Jury and Jurors. Before Judge KIBBEE. Pulaski Superior Court. May Term, 1885.

Reported in the decision.

W. L. GRICE; L. C. RYAN, for plaintiff in error.

J. H. MARTIN, for defendant

BLANDFORD, Justice.

This was a *certiorari* to the trial of a case of forcible entry and detainer before a justice of the peace. The plaintiff moved to dismiss the proceeding because no bond had been given by the petitioner in *certiorari* for the

eventual condemnation money, the bond being for all future costs, all costs having been paid which had accrued. The court refused to dismiss the *certiorari* on this ground, and this is the first exception.

1. This is not now an open question in this court. In 15 *Ga.*, 39, it was held that there is no eventual condemnation money in a case like the present; that there is nothing involved for the party to be condemned in but the costs, and a bond for all future costs is sufficient. My own opinion is that the eventual condemnation money in such a case is the costs, and that the bond given is in fact for the eventual condemnation money.

2. The court below sustained the *certiorari* upon two grounds, first, that the case was prematurely brought; and second, that the justice erred in not allowing the defendant to purge the jury by putting them upon their *voire dire*, to show that they were not fair and impartial jurors. We think the court did right to sustain the *certiorari* on this last ground. This was not an ordinary case before a justice's court; here twelve jurors are required, the magic number; the justice could require the sheriff of the county to summon them, and if any legal objection should appear to any of them, the justice could require the jury to be completed by tales jurors, and if a jury could not be obtained in the district, he is empowered to draw a jury from an adjoining district in the county. Code, §4086. So it appears that a jury in this kind of a case before a justice stands upon the same footing as a jury in the superior court. The course proposed by the defendant to purge the jury was recognized by this court to be correct in 15 *Ga.*, 39 ; 59 *Id.*, 145. Let the judgment of the court below be affirmed.