## 15457. ARMISTEAD v. BEAVERS.

1. A paper entitled "Statement and judgment," prepared by the police committee of the City of Atlanta, which recites that the police committee finds that James L. Beavers, chief of police of the City of Atlanta, is inefficient as chief of police in certain particulars set out in detail, and which further provides that a copy of the paper be served upon the said James L. Beavers, chief of police, calling upon him to show cause on a certain date before the committee why "this statement"

should not be entered upon the minutes of the police committee "as the judgment of the police committee declaring him, the said James L. Beavers, chief of police of the City of Atlanta, inefficient for the reasons embodied in the foregoing statement," and which "statement and judgment" is duly served upon the respondent, is a mere statement of charges against him, which he is given an opportunity to defend, and is not an adjudication of the charges against him, and therefore is not a final judgment. And since a certiorari lies only to a final judgment, the judge of the superior court erred in sustaining the certiorari brought by the respondent.

#### ON MOTION FOR REHEARING.

2. Where the plaintiff in error was the defendant in the court below, he is nevertheless a proper party plaintiff in error in this court when complaining of an adverse judgment against him, although he may not have been a proper party in the court below.

3. This court cannot take judicial notice of the acts and doings of a subordinate governmental body, as the police committee of a city council.

4. *Query:* Should a defendant in error who has made no appearance either by brief or by argument be allowed, after a reversal of the judgment, to file a motion for a rehearing?

DECIDED JUNE 16, 1924. REHEARING DENIED JULY 14, 1924.

Certiorari; from Fulton superior court—Judge Ellis. January 26, 1924.

The police committee of the general council of the City of Atlanta caused to be served upon James L. Beavers, on February 10, 1923, a paper purporting to have been prepared upon the authority of the committee, which in part reads as follows:

"City of Atlanta, Georgia. Statement and judgment. The police committee of the general council of said City of Atlanta, appointed by the mayor of the City of Atlanta, under the provisions of the charter amendments of 1922, for the purpose of exercising 'full direction and control of officers and members of the police force, in conformity to existing laws and ordinances, and such as may be applicable to the subject,' by virtue of the right promulgated in section 416 of the City Code of 1910, and in the performance of the duty required of the police committee under section 2071 of the City Code of 1910, that: 'The Board of Police Commissioners (the powers of which are now vested in the Police Committee) shall examine into the efficiency of the officers and members of the Department of Police, . . ' and amendments thereto, does find, after careful investigation, and examination of his supervision of the police department, that James L. Beavers, chief of police of the City of Atlanta, is inefficient as said chief

30

of police, said inefficiency being more specifically set forth as follows: [Various alleged charges of inefficiency upon the part of the said Beavers as chief of police are here set out.] The foregoing reasons being and showing inefficiency on the part of James L. Beavers, chief of police of the City of Atlanta, in the performance of the ministerial duties of the chief of police, as required under the rules and regulations of the department of police of the said city of Atlanta, it is ordered that this statement be signed by the clerk of the police committee of the general council, and a copy of the statement be served upon said James L. Beavers, chief of police of the City of Atlanta, at least five days before the next regular meeting of the police committee, to be held in the recorder's court room, in the police barracks, on the 16th day of February, 1923, at 7:30 p. m., in the City of Atlanta, calling upon the said James L. Beavers, chief of police, to show cause before this committee why this statement should not be entered upon the minutes of the police committee as the judgment of the police committee declaring him, the said James L. Beavers, chief of police of the City of Atlanta, inefficient for the reasons embodied in the foregoing statement. James L. Wells, Secretary Police Committee. To Hon. James L. Beavers, Chief of Police, City of Atlanta, Ga. You are hereby required to appear and show cause before the police committee of the general council at its next regular meeting, to be held on the 16th day of Feby., 1923, in the recorder's court room in the police barracks, in the City of Atlanta, Ga., why the foregoing statement should not be entered upon the minutes of the police committee as its judgment, for the reasons stated in the foregoing statement. James L. Wells, Secy. of Police Committee, City of Atlanta, Ga. Ordered that F. C. Woodall, vice-chairman of police committee, serve a copy of the foregoing statement and order on Hon. James L. Beavers, chief of police of the City of Atlanta, at least five days before the next regular meeting of the police committee to be held in the recorder's court room at police barracks, on the 16th day of Feby. 1923, at 7:30 p. m. and make a return of service. This 10th day of Feby. 1923. Jesse W. Armistead, Chairman Police Committee."

On February 15, 1923, the day before the respondent Beavers was notified and required to appear and show, cause before the

police committee of the general council "why the foregoing statement should not be entered upon the minutes of the police committee as its judgment for the reasons stated in the foregoing statement," he brought to the superior court of Fulton County his petition for certiorari, wherein he excepted to the action of the said police committee, upon the ground that the aforesaid paper amounted to a judgment against him upon the charges therein, and was illegal because rendered before he was notified of the charges and before he was given an opportunity to appear and defend. The certiorari was sanctioned, and on the hearing upon the petition and the answer before Hon. W. D. Ellis, judge of the superior court of Fulton county, the certiorari was sustained, the learned judge rendering an able opinion, in which it was said: "In the paper filed against the chief of police, citations from which have been heretofore made, a reasonable construction of it was, that it was an adjudication of these charges by the police committee, which it was intended to put into effect if Beavers did not avail himself of the opportunity they gave him to come in and show that the charges made against him were without authority of law or without truth sufficient to convict him. The situation of the matter reverses the general order of things, and a reasonable construction of the matter was that the committee extended to Chief Beavers the opportunity to show his innocence. The burden of proof, however, was on the committee to establish the case against him by a preponderance of evidence, and the burden was not on him to show his innocence until there was evidence on the other side submitted against him which would have been legally sufficient to call for a defense on his part. In the opinion of the court this certiorari ought to be sustained, and the case is remanded to the police committee of the City of Atlanta, or its successors, with the ruling by the court as now made that the proceedings undertaken by the committee and put into effect were not in conformity with the requirements of the law, irrespective of the guilt or innocence of the chief of police. What the committee had the right to do was to bring charges against him and cite him to appear and answer, then to hear the case, both on the part of the City of Atlanta on the one side, represented by its police committee, and on the part of the defendant, James L. Beavers, chief of police. It is determined in this case that the

police committee have power to cite the police officer to appear for trial, where the law authorizes such a trial, and it has the power, after proper citation has been issued, to proceed with the trial, and after this defendant has been served, as required by law, it is his privilege to appear and answer and defend himself."

*S. C. Crane,* for plaintiff in error.  *Spence & Spence,* contra.

STEPHENS, J.  (After stating the foregoing facts.)  We cannot agree with the learned trial judge that the paper issued by the police committee and served upon James L. Beavers, chief of police of the City of Atlanta, was a final judgment against James L. Beavers and not rendered without a hearing, or an opportunity to be heard, upon the part of the respondent.  The paper upon its face purports that it will not go into effect and will not become final as against the respondent until after February 16, 1923, upon which date the respondent was by its terms required to appear and show cause why the charges contained in the paper should not be made the judgment of the committee.  It therefore does not purport to be a final judgment.  While it does recite that the police committee "does find, after careful investigation, and examination of his supervision of the police department, that James L. Beavers, chief of police of the City of Atlanta, is inefficient as said chief of police," such language amounts to no more than a charge of inefficiency upon the part of the respondent as chief of police of the City of Atlanta.  It calls upon the respondent to show cause why the "statement should not be entered upon the minutes of the police committee as the judgment of the police committee declaring him, the said James L. Beavers, chief of police of the City of Atlanta, inefficient for the reasons embodied in the foregoing statement," and therefore plainly indicates that it was not the intention of the committee to pass any judgment against the respondent until he had been given an opportunity to defend against the charges.  This is the language of a rule nisi; and while perhaps a rule nisi should not have been issued in this case, and while perhaps the better procedure would have been for the committee to state the charges against the respondent and notify him to defend, we cannot hold that for this reason a final judgment has been issued against the respondent, or that the respondent has been deprived of his right to defend.

A certiorari lies only to a final judgment; and, since no final

judgment is here excepted to, the petition for certiorari was prematurely brought, and was therefore improperly sustained.

That the language of the paper indicates that the police committee, in the event that the respondent did not appear and answer the charges contained in the paper, would have proceeded to render judgment against the respondent without the taking of testimony is anticipatory, and cannot aid this court in determining whether or not the committee, in preparing the paper excepted to, issued a final judgment. Whenever the committee does render a final judgment against the respondent, whether upon his failure to appear and answer or otherwise, without basing the same upon evidence regularly introduced, sustaining the charges, it will be time to pass upon the regularity of such procedure.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

### ON MOTION FOR REHEARING.

The defendant in error moves for a rehearing upon the following grounds: (1) that the plaintiff in error was not a party to the judgment rendered in the lower court; (2) that this court has overlooked certain decisions of the Supreme Court of Georgia which the movant alleges establish the proposition that "no appeal or review by certiorari may be had at the instance of a tribunal, and no writ of error may be sued out by a court that is itself a party;" (3) that the alleged "Statement and judgment" sought to be reviewed by certiorari is no longer pending before the police committee of the general council of the City of Atlanta, and that for this reason the matter here pending has become moot.

Although the movant, as defendant in error, made no appearance, either by brief or argument, and therefore did not assist the court in arriving at its decision, and now for the first time presents to this court the questions raised in the motion for rehearing, this court, when the original opinion was written and the judgment of reversal was rendered, carefully considered all the grounds now relied upon by the defendant in error. This court at the time concluded that the case was one reviewable by this court, and that the plaintiff in error, since he was the defendant in certiorari to whom the writ of certiorari was directed and who answered the writ, and who therefore was necessarily the defendant in certiorari and a party to the judgment sustaining the certiorari, was

necessarily a proper party before this court; but since the defendant in error invoked no ruling upon this question, this court assumed jurisdiction without rendering any opinion or stating any ruling thereon.

The contention that the question presented has become moot by reason of the action of the police committee of the general council of the City of Atlanta cannot be considered by this court, because it involves an issue of fact concerning which this court cannot take judicial notice; nor has it jurisdiction to determine such an issue.

Where a losing party in this court has filed no brief and made no argument, and therefore made no effort to assist the court in arriving at a decision, we question whether he should be allowed, after an adverse judgment against him, to make a belated appearance by way of a motion for a rehearing.

*Motion for a rehearing denied. Jenkins, P. J., and Bell, J., concur.*