22318. HARTSFIELD COMPANY *v.* LUDDY.

BROYLES, C. J. 1. While, "under the provisions of section 5185 of the Civil Code (1910), it is the general rule that before any writ of certiorari shall issue, the party applying for the same shall give bond and security for all future costs and the eventual condemnation money, payable to the adverse party, and if he fails so to do the superior court does not acquire jurisdiction of the case" (*Metropolitan Life Ins. Co. v. Monroe*, 26 *Ga. App.* 332, 106 S. E. 209), yet the general rule does not apply in its entirety in a cause where there is no eventual condemnation money in the case. In such a suit, where the plaintiff in certiorari has paid the accrued costs and given a bond providing for the payment of all future costs (but not providing for the payment of the eventual condemnation money), he has substantially complied with the statute. *Holton v. Hendley,* 75 *Ga.* 847.

2. In the instant case the plaintiff sued the defendant in the municipal court of Atlanta upon a check for money had and received, and upon the trial a general judgment was rendered in favor of the defendant. The plaintiff obtained a writ of certiorari from the superior court, and upon the hearing the certiorari was dismissed on the ground that the bond executed by the plaintiff in certiorari was not the bond required by the statute, in that while it provided for the payment of all future costs, it did not provide also for the payment of the eventual condemnation money. In this case the defendant had no counter-claim against the plaintiff, and there was no possibility of the plaintiff's being mulcted for any eventual condemnation money. Therefore, as in the *Holton* case, supra, there is no eventual condemnation money in the case, and the

bond given was a substantial compliance with the statute. The court erred in dismissing the certiorari.

*Judgment reversed. Luke and Hooper, JJ., concur.*

DECIDED AUGUST 31, 1932.

*Mose S. Hayes,* for plaintiff.
*William T. Dean, Walter Erle Daley,* for defendant.

*Judgment reversed. Luke and Hooper, JJ., concur.*