30492. CITY OF ATLANTA *et al.* v. STALLINGS.

DECIDED JUNE 6, 1944. REHEARING DENIED JULY 12, 1944.

*J. C. Savage, E. L. Sterne, J. C. Murphy, Ralph Williams, Bond Almand,* for plaintiffs.

*Spence & Spence,* for defendant.

BROYLES, C. J. The record shows that W. J. Stallings, a policeman of the City of Atlanta, was tried and convicted by the police

committee of the general council of the City of Atlanta of conduct unbecoming a policeman, and was dismissed from his position. He obtained a certiorari, and, on the hearing thereof, the judge of the superior court overruled a motion to dismiss the certiorari on certain stated grounds, made by counsel for the city and its police committee, and that judgment is assigned as error in the present bill of exceptions.

The defendant in error has filed a motion to dismiss the writ of error, one of the grounds of which is that the judgment sought to be reviewed occurred upon the hearing of a certiorari in a quasi-criminal case, and therefore is not appealable by the City of Atlanta.

It is well settled by numerous decisions of the Supreme Court and this court that neither the State nor any municipality has the authority in a criminal or quasi-criminal case to except to any sentence, judgment, or decision of the court. *City of Manchester* v. *Dunn,* 38 *Ga. App.* 83 (142 S. E. 747); *City of Valdosta* v. *Goodwin,* 21 *Ga. App.* 664 (94 S. E. 812); *Mayor &c. of Hawkinsville* v. *Ethridge,* 96 *Ga.* 326 (22 S. E. 985); *Mayor &c. of Macon* v. *Wood,* 109 *Ga.* 149 (34 S. E. 322); *City of Manchester* v. *Rowe,* 60 *Ga. App.* 567 (4 S. E. 2d, 477); *State* v. *Thompson,* 175 *Ga.* 189 (165 S. E. 34); *State* v. *B'Gos,* 175 *Ga.* 627 (165 S. E. 566); *State* v. *Jones,* 7 *Ga.* 422; *City of Moultrie* v. *Csiki,* 71 *Ga. App.* 13 (29 S. E. 2d, 785).

In the last-cited case, Andrew Csiki was convicted in the recorder's court of the City of Moultrie of violating a certain ordinance of the city. The judge of the superior court refused to sanction his petition for certiorari, and that judgment was assigned as error in the bill of exceptions. This court held that the defendant's conviction was not authorized by the evidence set out in the petition for certiorari, and that, therefore, the refusal to sanction the petition was error. Thereafter, the judge of the superior court entered an order making the judgment of this court the judgment of his court and relieving the defendant's bondsman from further liability upon the bond. That judgment was assigned as error in a bill of exceptions, on the ground that the judge had no authority to render it. Counsel for Csiki filed a motion to dismiss the writ of error, on the ground that the City of Moultrie could not legally appeal from a judgment in a criminal or quasi-criminal case, and

this court sustained the motion and dismissed the bill of exceptions.

In *State* v. *Jones,* supra, the court said: "The rule seems to be well settled in England, that in criminal cases a new trial is not grantable to the Crown after verdict of acquittal, even though the acquittal be founded on the misdirection of the judge. This is the general rule, and obtains in the States of our Union. It excludes a rehearing after acquittal upon errors of law, and, therefore, it would seem, denies also a rehearing upon judgments of the court upon questions of law, even when the jury have not passed upon the guilt or innocence of the prisoner. If the effect of the judgment is a discharge, there can be no rehearing, either by new trial or writ of error. Indeed it may be stated, as a general rule, that in criminal cases, upon general principles, errors are not subject to revision at the instance of the State. . . It may be said, too, that the rule of the common law, denying to the State a new trial, contemplates cases only where there has been a verdict of acquittal, and can not apply to errors in law committed by the court; whereas, here, there was no verdict. We have seen that a new trial will not be given in cases where the verdict is the result of the misdirection of the court. Errors in law, therefore, can not be reached by a new trial at the instance of the State. But, farther, the common law maxim and the constitution are founded in the *humanity* of the law, and in a jealous watchfulness over the rights of the citizen, when brought in unequal contest with the State. It is doubtless, *in the spirit of* this benign rule of the common law, embodied in the Federal constitution—a spirit of liberty and justice, tempered with mercy, that, in several of the States of this Union, in criminal causes, a writ of error has been denied to the State."

The above-quoted language of Judge Nisbet is quoted approvingly in *State* v. *B'Gos,* supra. It has been further held that the provision of the Code, § 110-701, that "a void judgment may be attacked in any court and by any person," does not confer the right of appeal upon the State or a municipality in a criminal or quasi-criminal case. *State* v. *B'Gos,* supra; *City of Manchester* v. *Rowe,* supra.

Counsel for the plaintiffs in error have cited as a physical precedent the judgment of this court in *Armistead* v. *Beavers,* 32 *Ga. App.* 464 (124 S. E. 61). In that case Beavers, chief of police of the City of Atlanta, was served with a paper entitled "Statement

and Judgment," prepared by the police committee of the general council of the City of Atlanta and signed by "Jesse W. Armistead, Chairman Police Committee." The paper recited that said committee, after careful investigation, found that James L. Beavers is inefficient as chief of police (for certain reasons stated in the paper), and ordered him to appear and show cause before the committee, on a certain date, why the statement as to his inefficiency should not be entered upon the minutes of the police committee as the judgment of the police committee declaring him inefficient as chief of police. On the day before his required appearance before the committee, Beavers obtained a writ of certiorari, and on the hearing thereof, the judge of the superior court sustained the certiorari. That judgment was assigned as error in a bill of exceptions, and this court reversed the judgment. However, no motion was made by the defendant in error to dismiss the bill of exceptions; and the point that the City of Atlanta, acting through its police committee, had no authority in a criminal or quasi-criminal case to obtain a writ of error to review the judgment against the city, was not raised or considered in the case. Apparently, this court, through inadvertence, assumed jurisdiction of the case. Moreover, the original record of that case discloses that the City of Atlanta was not named in the bill of exceptions as a plaintiff in error, the only plaintiff in error named in the bill of exceptions being "Jesse W. Armistead, a member of the police committee of the City of Atlanta." Under such circumstances, we do not think that the decision in that case constitutes a physical precedent to be followed by the court in this case.

In the instant case, the bill of exceptions specifically names the City of Atlanta as one of the plaintiffs in error, and the foregoing rulings and citations are here applicable. It is immaterial whether the judgment complained of was erroneous, or even void. It was rendered against the City of Atlanta in a quasi-criminal case, and the city is denied the right of appeal.

The motion to dismiss the bill of exceptions is granted.

*Writ of error dismissed. MacIntyre and Gardner, JJ., concur.*