## 30492. CITY OF ATLANTA *et al. v.* STALLINGS.

*J. C. Savage, E. L. Sterne, J. C. Murphy, Ralph Williams, Bond Almand,* for plaintiffs.

*Spence & Spence,* for defendant.

BROYLES, C. J. W. J. Stallings, a policeman of the City of Atlanta, was tried, found guilty, and dismissed from the force by the police committee of the general council of the city for conduct unbecoming a policeman, and for a violation of the rules of the police department by being under the influence of intoxicating liquors while on duty. Stallings obtained a writ of certiorari; and on the hearing thereof, council for the city made an oral motion to dismiss the certiorari as having been improvidently sanctioned. The motion was overruled and to that judgment the city filed a bill of exceptions to this court. Counsel for Stallings filed in this court a motion to dismiss the writ of error on the ground that this court was without jurisdiction to decide the case because the judgment excepted to occurred upon the hearing of a certiorari in a quasi-criminal case, and therefore the city was without authority to except to the judgment in favor of Stallings. This court sustained the motion and dismissed the writ of error. 71 *Ga. App.* 365 (31 S. E. 2d, 75). Upon a certiorari granted by the Supreme Court, that court reversed the decision of this court, holding, in effect, that the case was not a criminal, or quasi-criminal, case. *City of Atlanta* v. *Stallings,* 198 *Ga.* 510 (32 S. E. 2d, 256). This court, therefore, orders its previous judgment vacated and now affirms the judgment of the superior court.

The only question now before this court is whether the judge of the superior court erred in overruling the city's motion to dismiss the certiorari. That motion was made "because the petition [for certiorari] was improvidently sanctioned, for the reason that the petition failed to set forth that petitioner had filed with the police committee the bond required by section 19-214, Code of Georgia." That section reads as follows: "Supersedeas in criminal cases. Any person who has been convicted of any criminal

or quasi-criminal offense, or violation of any ordinance, in any county court, police court, municipal court, by whatsoever name called, or any other inferior judicatory (except constitutional city courts) exercising criminal or quasi-criminal jurisdiction, who shall desire a writ of certiorari to review and correct the judgment of conviction in said case, shall be entitled to a supersedeas of the judgment upon the following conditions: He shall file with the clerk of said court, or, if no clerk, with the judge thereof, or with the commissioners if it be a court presided over by commissioners with no clerk, a bond payable to the State, or, if the conviction be in a municipal court, to the municipality, in amount and with security acceptable to and to be approved by the clerk, judge, or majority of the commissioners, as the case may be, conditioned that the defendant will personally appear and abide the final judgment, order, or sentence upon him in said case. Said bond, if payable to the State, may be forfeited in the same manner as any other criminal bond in any court having jurisdiction; if payable to the municipal corporation, it may be forfeited according to the procedure prescribed in the municipal ordinance or charter; or it may be sued upon in any court having jurisdiction. Upon the giving of said bond the defendant shall be released from custody in like manner as defendants are released upon supersedeas bonds in criminal cases where a writ of error has been obtained." Manifestly, this section of the Code relates to criminal and quasi-criminal cases only; and, under the decision of the Supreme Court in this case, the case is not a criminal or quasi-criminal proceeding, but, as said by the Supreme Court, "the issues before the police committee in the instant case were in the nature of a civil proceeding. The committee had no authority to fine or to deprive the officer of his liberty. The only authority vested in them was to exonerate, to suspend, or to discharge." And, since the motion to dismiss the certiorari was based solely upon the ground that "the petition failed to set forth that petitioner had filed with the police committee the bond required by section 19-214 of the Code of Georgia," the judge of the superior court did not err in overruling the motion.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*