36633.   CITY OF ATLANTA *v.* PAZOL.

DECIDED APRIL 3, 1957—REHEARING DENIED APRIL 19, 1957.

J. C. Savage, J. M. B. Bloodworth, Henry L. Bowden, Newell Edenfield, Robert S. Wiggins, Ferrin Y. Matthews, for plaintiff in error.

M. L. Kahn, contra.

FELTON, C. J. It is contended by the defendant in error that the proceeding before the Municipal Court of Atlanta was criminal or quasi criminal in nature and that on certiorari to the superior court, the proper bond was the one prescribed for criminal cases by Code § 19-214. This contention is without merit. The proceeding was under Code § 72-401. The defendant was notified of the hearing and was notified to show cause why the houses on her property should not be declared a nuisance and the same abated. She appeared, and evidence on both sides was heard, and the court ruled that the houses did constitute a nuisance. The court's order gave the defendant in error forty-five days within which to voluntarily abate the nuisance and provided that if she did not abate within that time, the marshal of the court or his deputy should abate. The sole purpose of the proceeding was to determine whether or not a nuisance existed. The only power the court had at such time was to find that a

nuisance did or did not exist and if one did exist, to order its abatement. The court did not have the power to fine or imprison the defendant in error. The only power the court could ultimately have exercised in a further proceeding of the matter that might even be close to penal in nature was the power of the court, upon failure of the defendant to abate after notice, to bind the defendant in error over to a State court under the authority of Code § 72-9901, but this he could not do until there had been a failure to abate after notice. *Vason* v. *City of Augusta,* 38 *Ga.* 543 (3); *Healey* v. *City of Atlanta,* 125 *Ga.* 736, 737 (54 S. E. 749).

Since the court, in the proceeding to determine the existence of a nuisance, could not fine or imprison the defendant in error, such proceeding was not criminal or quasi criminal in nature and the bond required for certiorari was that provided for in Code § 19-206 for civil proceedings, and a bond under Code § 19-214 would not suffice. *City of Atlanta* v. *Stallings,* 198 *Ga.* 510 (32 S. E. 2d 256); s. c., 72 *Ga. App.* 52 (33 S. E. 2d 18). The fact that this would not be a case involving eventual condemnation money would not relieve the petitioner for certiorari from giving the required bond at least as to all future costs. See *Hartsfield Co.* v. *Luddy,* 45 *Ga. App.* 507 (1) (165 S. E. 452), and cases cited.

Since the petition for certiorari fails to disclose that the petitioner had complied with Code § 19-206, the court erred in denying the motion to dismiss the petition. See *Page* v. *White,* 77 *Ga. App.* 21, 22 (1) (47 S. E. 2d 662).

*Judgment reversed. Quillian and Nichols, JJ., concur.*