THE STATE OF GEORGIA *vs.* JOHNSON *et al.*

A writ of error does not lie in behalf of the state in a criminal case.

Criminal law. Practice in the Supreme Court. Before Judge TOMPKINS. Chatham Superior Court. April Term, 1878.

Reported in the decision.

A. B. SMITH, solicitor-general, for plaintiff in error.

R. E. LESTER; R. D. WALKER, JR.; J. J. ABRAMS, for defendants, cited 7 *Ga.*, 422; 25 *Ib.*, 311; *Cranston vs. The City Council of Augusta* (this term); 2 Comst., 1; 16 Kans., 480; 3 Tex., 118; 16 Conn., 54; 3 Cranch, 174; 1 Bennett & H. Lead. Crim. Cas., 424, 425; Phil. on Ev., 214.

WARNER, Chief Justice.

It appears from the record and bill of exceptions, that John Johnston and William Small were indicted for the

offense of murder in Chatham county, and were tried separately. On the trial of Johnson, the jury found him guilty of murder, and on the trial of Small, the jury found him guilty of voluntary manslaughter. Afterwards, a motion was made to arrest the judgment by each defendant separately. The court rendered two separate judgments. In the case of Johnson, it was ordered and adjudged that the verdict be set aside. In the case of Small, it was ordered that the judgment be arrested. Whereupon the solicitor-general, in behalf of the state, excepted.

When the case was called upon the docket here (it having been agreed that both cases should be argued together) a motion was made to dismiss it, on the ground that a writ of error in behalf of the state against a defendant in a criminal case, cannot be brought to this court. The 4251st section of the Code declares, that "either party in any *civil* cause, and *the defendant* in any criminal proceeding in the superior courts of this state, may except to any sentence, judgment, or decision, or decree of such court, or of the judge thereof in any matter heard at chambers." This is not an open question in this court. *The State vs. Jones*, 7 *Ga.*, 422. *The State vs. Wilkes & Lavinia*, 25 *Ga.*, 311. *Cranston vs. The City Council of Augusta*, decided during the present term.

Let the writ of error be dismissed in both cases.