COMMISSIONERS OF PILOTAGE OF ST. SIMONS, etc., *vs.* TABBOTT, AND *vice versa.*

1. Where a pilot was tried before the commissioners of pilotage of the port of Brunswick, on certain charges against him for dereliction of duty, and after a conviction, an appeal to the superior court was taken, and on the trial before a jury in that court he was acquitted, the commissioners could not move for a new trial, and upon its refusal, prosecute a writ of error based on such refusal. Proceedings against pilots for dereliction of duty are criminal proceedings, or *quasi* criminal proceedings, and a judgment in favor of the defendant cannot be reviewed.

2. Where a case has been tried before an inferior court, and from its judgment an appeal has been taken to the superior court, the members composing the inferior tribunal are not parties to the case pending on appeal, and cannot prosecute a writ of error in their own names to reverse the judgment rendered on the appeal.

(*a.*) In a proceeding against a pilot for a dereliction of duty, the commissioners are no parties thereto, except as representatives of the state, and they can make no motion for new trial, nor can they take a writ of error in their own names.

December 21, 1883.

Criminal Law.    Practice in Supreme Court.    Pilots.

Parties. Former Jeopardy. Before Judge MERSHON. Glynn Superior Court. December Adjourned Term, 1882.

Reported in the decision.

C. P. GOODYEAR; SYMMES & ATKINSON, for the commissioners.

HARRIS & SMITH, *contra.*

BLANDFORD, Justice.

Certain charges having been preferred against Tabbott for dereliction of duty as pilot, he was tried before the commissioners of pilotage for the port of Brunswick, and found guilty, and, by their judgment and sentence, deprived of the office of pilot. He presented his petition to the judge of the superior court for an appeal to the superior court, which was granted; and on the trial of the issue before a jury in the superior court, he was acquitted of the charge preferred against him. The commissioners moved for a new trial, upon several grounds. The court dismissed the same on several grounds, among which was the ground that the case against Tabbott was in the nature of a criminal proceeding. To this ruling of the court the commissioners excepted, and this writ of error is presented to review and reverse this judgment of the court below. The Code, sections 1504 to 1542, inclusive, Cobb's Digest, 33, contains the statute of this state in relation to the subject of pilotage for the port of Brunswick. It provides for the appointment of pilots, their trial, and the offences for which they may be tried, and their punishments. It also provides for an appeal to the superior court in certain cases, by the order of the judge of the superior court, upon petition for that purpose, and provides that, upon such appeal, an issue shall be made up and tried by a special jury.

In the first instance, the trial is to be had by and before

the commissioners of pilotage provided by the statute; from the judgment of the commissioners, an appeal may be taken by the pilot, as above stated. In this case, the pilot was tried by the commissioners, and found guilty, and deprived of his office of pilot; he presented his appeal to the superior court, and upon trial before that court, he was acquitted, and restored to his office of pilot.

Is this case a *quasi* criminal case, or in its nature a criminal case, so as to prevent a review of the judgment in favor of the defendant? We think so. The commissioners of pilotage, under the statute as to the trial and punishment of pilots, are a court exercising punitive powers, fines and suspension, and removal from office. As a court, they represent, in this respect, the justice and sovereignty of the state. The pilot is allowed a rehearing by appeal to the superior court, another tribunal, which represents the justice and sovereignty of the state, and when acquitted by this appelate tribunal, there is no further appeal.

The commissioners of pilotage are no parties to this case; when the appeal was allowed by the judge of the superior court, and the superior court acquired jurisdiction of this case, all right or power of the commissioners over this case ceased and determined; and even if this were not a criminal proceeding, these commissioners are no parties to the same, except as representatives of the state. They can make no motion, nor can they prosecute a writ of error in their names to review the proceedings had before the superior court; it would be to allow an inferior tribunal, which had cost jurisdiction of a case by an appeal to a superior court, to prosecute a writ of error in its name, to reverse the ruling of the appellate court. This is what is attempted here. The commissioners of pilotage must be satisfied with, and obey, the judgment of the superior court of the county of Glynn.

Judgment affirmed.

Cross-bill of exceptions dismissed.