THE MAYOR AND COUNCIL OF MARIETTA v. ALEXANDER.      | 86  455
                                                      †109 149

An affidavit on which is issued a warrant for arrest for violating
whisky sections of a city ordinance, failing to state how these sec-
tions are violated but simply quoting the sections of the ordinance,
is defective.

December 23, 1890.

Municipal corporations. *Certiorari.* Practice. Be-
fore Judge GOBER. Cobb superior court. March term,
1890.

The city marshal of Marietta made affidavit "that
Tom Alexander hath been guilty of a violation of the
following special whisky section of city ordinance,
secs. 77, 78 and 78a [quoting the sections in full]; said
violation being within the corporate limits of said city,
on the 25th day of December, 1889." Upon this affi-
davit the mayor issued a warrant for the arrest of Alex-
ander, reciting that "complaint upon oath has been
made . . that Tom Alexander did violate the special
whisky section of city ordinance as specified and incor-
porated in the above warrants hereunto attached," etc.
In the mayor's court Alexander moved to dismiss the
case because the affidavit did not state any fact and
there was no specification in the warrant. His motion
was overruled, and after conviction he carried the case
to the superior court by *certiorari.* The judge held that
the mayor's court erred in not sustaining the motion to
dismiss, and that the evidence showed, if anything, a
sale of whisky, to punish which the city had no right.

C. D. PHILLIPS and J. Z. FOSTER, for plaintiff in error.
J. E. MOZLEY, *contra.*

SIMMONS, Justice.

Alexander was tried and convicted before the Mayor
and Council of Marietta for violating certain special
whisky sections of the city ordinance. The affidavit
on which the warrant was issued fails to state how and

in what manner these sections were violated, but simply quotes the section of the ordinance. Alexander carried the case by *certiorari* to the superior court, where, upon a hearing by the judge of that court, the *certiorari* was sustained and a new trial ordered. To this ruling of the trial judge the mayor and council excepted, and brought the case here for review. When the case was called in this court, counsel for the defendant in error moved to dismiss the same, upon the ground that, the case being a criminal case, the mayor and council had no right under the law to sue out a writ of error and thereby have the decision of the trial judge reviewed in this court.

If Alexander had been acquitted, it would be clear to our minds that the mayor and council could not have a *certiorari* or a writ of error to review the trial, but having been convicted and having obtained a new trial on a writ of *certiorari*, it presents a more difficult question. No authority was cited in the argument by counsel on either side as to the right of the mayor and council to sue out a writ of error reviewing the action of the superior court in granting a new trial upon *certiorari*. In our investigation of the subject we find that three cases of the kind were brought to this court and reviewed here, to wit: *Mayor, etc.* v. *Lumpkin,* 5 *Ga.* 447, *Mayor, etc.* v. *Arnold,* 30 *Ga.* 517, and *Mayor, etc.* v. *Charlton,* 36 *Ga.* 460; but it appears from the record in these cases that no motion to dismiss them on this ground was made, and the court did not pass upon the question now under consideration. It being a very important question to the incorporated towns and cities of this State, we will not decide it now, inasmuch as we have looked into the merits of the case and find that the judgment of the trial judge was correct and should be affirmed. See *Mayor, etc.* v. *Cranston,* 61 *Ga.* 572; Bayliss on New Trials and Appeals, 296.

*Judgment affirmed.*