THE MAYOR & COUNCIL OF HAWKINSVILLE *v.* ETHRIDGE.

From a judgment of the superior court overruling a motion to dis-
miss a writ of *certiorari*, sued out to review a judgment of convic-
tion rendered in the police court of a town against a person who
had been accused in that court of a violation of a municipal or-
dinance, the city authorities cannot prosecute a writ of error to
this court; and a writ of error in such a case having been sued
out, this court will not entertain jurisdiction thereof.
June 10, 1895.

*Certiorari.* Before Judge SMITH. Pulaski superior
court. November term, 1894.

L. C. RYAN, for plaintiff in error.
JORDAN & WATSON, *contra.*

ATKINSON, Justice.

The defendant in error was convicted before the po-
lice court of the town of Hawkinsville for the violation
of an ordinance of that town, upon an accusation of
the offense of draying in the corporate limits. He was
sentenced to work upon the public streets of the city
for sixty days, with the alternative of paying a fine of
sixty dollars and the costs of the proceeding. To the
judgment of the police court the defendant excepted,
and took the case by *certiorari* to the superior court.
When the case was called in the superior court, counsel
for the corporation moved to dismiss the *certiorari* upon
two grounds, neither of which appears to have any merit
in it. The judge overruled the motion to dismiss,
and to this judgment the Mayor & Council of Hawk-
insville excepted, and by writ of error presents for re-
view the judgment of the court overruling its motion
to dismiss the petition for *certiorari.*

The one insuperable difficulty which we encounter in
the outset is, that this court has no jurisdiction to cor-
rect the error complained of, assuming even that one
was committed by the court. Towns and cities, in the

administration of those functions pertaining to the police department, which by their charters are conferred upon them, represent, in a qualified sense, the sovereignty of the State. Its legislation by ordinance deals with those minor matters which are of local concern only, and respecting which the State empowers them to legislate. A great many of such matters affecting the local public interest, and over which the legislature has complete control, are necessarily, for the public convenience and economy, committed to municipal bodies. They may, upon proper occasion, impose a license tax on a great many occupations, and for the pursuit of such an occupation without a license, impose appropriate penalties; and in the exercise of those police powers by and through which they impose penalties upon their citizens for causes outside of those provided for by the general laws of the State, they represent the sovereignty of the State. Hence, it has been held that a municipal corporation, as a party to a criminal proceeding, stands in the place of the State. It has been held that in such proceeding such a corporation, from any inferior judicatory, cannot have a writ of *certiorari* or writ of error to review a judgment of discharge by those courts. See 61 *Ga.* 572; 7 *Ga.* 422; 25 *Ga.* 311. Prosecutions under municipal ordinances are quasi-criminal causes, and partake so far of the nature of a criminal prosecution as must prevent a review of a judgment in favor of the defendant. 72 *Ga.* 89. The code provides, in express terms, that either party in a civil case, and the defendant in a criminal proceeding, in the superior court of this State, may except to any sentence, judgment or decree. The right of exception is limited to the defendant in criminal cases. This court can only review the judgment of the lower court by a bill of exceptions; and inasmuch as no provision is made by the law by means of which the State can present and have transmitted here a bill

of exceptions in a criminal cause, if there were no other legal or constitutional impediment to the reversal of a judgment rendered in favor of the defendant in the court below, this one difficulty is insurmountable.   The case of the *Mayor and Council of Marietta* v. *Alexander*, reported in 86 *Ga.* 455, in no wise contravenes the ruling now made.   In that case it will be observed, that though a motion to dismiss the writ of error was in fact made in this court, it was not then ruled upon, but the court expressly declared to the contrary, and put its decision upon the ground that, upon an inspection of the record, it appeared that the judgment of the court below was correct, and that it should be affirmed.

Let the writ of error in this case be     *Dismissed.*