## MAYOR AND COUNCIL OF MACON v. WOOD.

The decision of the superior court on certiorari reversing the judgment of a
municipal court convicting one of a violation of a municipal ordinance
is not subject to review by this court.

Argued October 8, — Decided October 28, 1899.

Certiorari. Practice in the Supreme Court.

*Minter Wimberly*, for plaintiff in error.

*M. Felton Hatcher*, contra.

COBB, J. Wood was tried and convicted in the recorder's court of the City of Macon, for the violation of a municipal ordinance. Upon the hearing of a writ of certiorari sued out by him, the judge of the superior court passed an order directing that "the certiorari be sustained and the defendant discharged." To this order the Mayor and Council of the City of Macon excepted. When the case was called in this court a motion was made to dismiss the writ of error, on the ground that in such a case a writ of error would not lie at the instance of the mayor and council.

In the case of *Cranston* v. *Augusta*, 61 *Ga.* 572, it appeared that Cranston had been tried in the recorder's court and acquitted. Upon certiorari the decision of the recorder was reversed, and direction given that Cranston be punished in accordance with the ordinance of the city which he was alleged to have violated. To this judgment he excepted, and the judgment of the superior court was reversed upon the ground that a municipal corporation can not have a writ of certiorari to review a judgment rendered by the corporation court under which the accused was discharged from custody. In the opinion Mr. Justice Bleckley says: "As the law now stands, the city, like the State, must acquiesce in judgments of discharge rendered on final trial in police or criminal proceedings." In the case of *Mayor etc. of Marietta* v. *Alexander*, 86 *Ga.* 455, the accused was convicted in a police court, and a certiorari sued out by him was sustained and a new trial ordered. To this ruling the municipality excepted. When the case was called in this court, a motion was made to dismiss the same upon the

ground that the municipality had no right to sue out a writ of error in such cases. The point raised by this motion was, however, not decided, it being distinctly left an open question. In *Mayor etc. of Hawkinsville* v. *Ethridge*, 96 *Ga.* 326, the accused was convicted in a police court, and carried his case by certiorari to the superior court. When the certiorari came on for a hearing in that court a motion was made to dismiss the same, which the court overruled. To this judgment overruling the motion to dismiss the municipality excepted. The writ of error was dismissed upon the ground that a municipal corporation could not sue out a bill of exceptions to this court in such a case. Even if the fact that in the *Cranston* case the accused was acquitted in the police court distinguishes that case from the present one, where the accused was convicted in the police court and his discharge from custody was due to the judgment of the superior court, the *Ethridge* case is directly controlling here, because in that case the accused was convicted in the police court, and a writ of error, complaining of the refusal of the superior court to dismiss his certiorari, was dismissed for want of jurisdiction in this court to entertain the same. See, in this connection, *Commissioners* v. *Tabbott*, 72 *Ga.* 89; *Cobb* v. *Smith*, 102 *Ga.* 585.

*Writ of error dismissed. All the Justices concurring.*