30333.   CITY OF MOULTRIE *v.* CSIKI.

DECIDED APRIL 8, 1944.

*P. Q. Bryan,* for plaintiff.   *Grover C. Powell,* for defendant.

BROYLES, C. J.   Andrew Csiki was convicted in the recorder's court of the City of Moultrie of violating a certain ordinance of the city. The judge of the superior court refused to sanction his petition for certiorari; and that judgment was assigned as error in a bill of exceptions directed to this court. Upon the hearing of the case, this court held that the defendant's conviction was not authorized by the evidence set out in the petition for certiorari, and therefore the failure to sanction the petition was error. Thereafter, the judge of the superior court entered an order making the judgment of the Court of Appeals the judgment of his court and relieving the defendant's bondsman "from further liability upon the bond in said case." That judgment is assigned as error in the present bill of exceptions. Counsel for the defendant in error has filed a motion to dismiss the bill of exceptions, on the ground that the City of Moultrie can not legally appeal from a final judgment in a criminal case.

It is well-settled law that "the power of a municipality to exercise police jurisdiction is delegated by the State, and the municipal

corporation as a party to a criminal proceeding stands in the place of the State. *Cranston* v. *Augusta,* 61 *Ga.* 572; *City of Manchester* v. *Rowe,* 60 *Ga. App.* 567 (4 S. E. 2d, 477). A prosecution for the violation of a city ordinance is a quasi-criminal action, and a decision of the superior court, reversing a judgment of a municipal court convicting one of a violation of such ordinance, is not subject to review by this court. *Mayor &c. of Hawkinsville* v. *Ethridge,* 96 *Ga.* 326 (22 S. E. 985); *City of Valdosta* v. *Goodwin,* 21 *Ga. App.* 664 (94 S. E. 812). Either party in any civil cause, and the defendant in any criminal proceeding, in the superior or city courts, may except to any judgment or decision of the court or of the judges thereof. Code, § 6-901.

In *State* v. *Jones,* 7 *Ga.* 422, the court said: "The rule seems to be well settled in England, that in criminal cases a new trial is not grantable to the Crown after verdict of acquittal, even though the acquittal be founded on the misdirection of the judge. This is the general rule, and obtains in the States of our Union. It excludes a rehearing after acquittal upon errors of law, and, therefore, it would seem, denies also a rehearing upon judgments of the court upon questions of law, even when the jury have not passed upon the guilt or innocence of the prisoner. If the effect of the judgment is a discharge, there can be no rehearing, either by new trial or writ of error. Indeed it may be stated, as a general rule, that in criminal cases, upon general principles, errors are not subject to revision at the instance of the State. . . It may be said, too, that the rule of the common law, denying to the State a new trial, contemplates cases only where there has been a verdict of acquittal, and can not apply to errors in law committed by the court; whereas, here, there was no verdict. We have seen that a new trial will not be given in cases where the verdict is the result of the misdirection of the court. Errors in law, therefore, can not be reached by a new trial at the instance of the State. But, farther, the common law maxim and the constitution are founded in the *humanity* of the law, and in a jealous watchfulness over the rights of the citizen, when brought in unequal contest with the State. It is doubtless, *in the spirit of* this benign rule of the common law, embodied in the Federal constitution— a spirit of liberty and justice, tempered with mercy, that, in several of the States of this Union, in criminal causes, a writ of error has been denied to the State." The above-

quoted language of Judge Nisbet is approvingly quoted in the case of *State* v. *B'Gos,* 175 *Ga.* 627, 634 (165 S. E. 566).

Under the foregoing rulings and the facts of the instant case, the judgment of the superior court complained of was not reviewable at the instance of the City of Moultrie.

*Writ of error dismissed. MacIntyre and Gardner, JJ., concur.*