CITY OF ATLANTA *et al. v.* STALLINGS.

No. 14994.   November 21, 1944.

*J. C. Savage, J. C. Murphy, Bond Almand,* and *Ralph Williams,* for plaintiff in error. *Spence & Spence,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The sole question here presented is whether or not the proceeding before the police committee, as outlined in the foregoing facts, is a criminal proceeding within the meaning of the Code, § 6-901, which provides for filing exceptions to the Supreme Court and to the Court of Appeals.

In an early decision of this court in *State* v. *Jones,* 7 *Ga.* 422, it was held that, "A writ of error does not lie to this court, in a criminal case, at the instance of the State." In that case the State sought to have reviewed the decision of the lower court in quashing an indictment. The decision in the *Jones* case has been cited often and quoted at length. Again, in *State* v. *Lavinia,* 25 *Ga.* 311, where a violation of a criminal law was charged, the same ruling was made. Also, in *State* v. *Johnson,* 61 *Ga.* 640, where the State sought to have reviewed by this court a judgment of the superior court granting a motion in arrest of judgment and setting aside a verdict of guilty in a murder trial, it was held that "a writ of error does not lie in behalf of the State in a criminal case." In *Eaves* v. *State,* 113 *Ga.* 749 (2) (39 S. E. 318), where the accused by bill of exceptions complained of the overruling of his motion for new trial, this court held that it was without jurisdiction to consider a cross-bill of exceptions in behalf of the State, complaining that the lower court erred in refusing to dismiss the motion for new trial filed by the accused, for the reason that it was a criminal proceeding. In *State* v. *Thompson,* 175 *Ga.* 189 (165 S. E. 34), it was held that proceedings relating to the revocation of the suspended portion of a misdemeanor sentence were criminal proceedings within the meaning of the Code, § 6-901. Also, in *State* v. *B'Gos,* 175 *Ga.* 627 (165 S. E. 566), where B'Gos, convicted of a misdemeanor, had carried his case by writ of error to the Court of Appeals, and upon a reversal by that court, the State had brought an application for certiorari to the Supreme Court, the Supreme Court dismissed the petition for certiorari for want of jurisdiction on the ground that the application was filed on behalf of the State in a criminal proceeding.

The same ruling has been applied to cases involving the violation of a municipal ordinance, on the basis that the power of a municipality to exercise police jurisdiction is delegated by the State, and the municipal corporation, as a party to a criminal proceeding, stands in the place of the State. Prosecutions for the violation of municipal ordinances have been termed quasi-criminal actions and not subject to review at the instance of the city. *Cranston* v. *Augusta,* 61 *Ga.* 572; *Mayor &c. of Hawkinsville* v. *Ethridge,* 96 *Ga.* 326 (22 S. E. 985) ; *Mayor &c. of Macon* v. *Wood,* 109 *Ga.* 149 (34 S. E. 322) ; *City of Valdosta* v. *Goodwin,* 21 *Ga. App.* 664 (94 S. E. 812) ; *City of Manchester* v. *Dunn,* 38 *Ga. App.* 83 (142 S. E. 747) ; *City of Manchester* v. *Rowe,* 60 *Ga. App.* 567 (4 S. E. 2d, 477) ; *City of Moultrie* v. *Csiki,* 71 *Ga. App.* 13 (29 S. E. 2d, 785). It must be borne in mind that in each of the foregoing cases, where the State sought to review the ruling of the lower court, the judgment complained of was in connection with a charge involving a crime under the laws of the State; and in cases where the city sought a review, each involved a violation of a municipal criminal ordinance. While not passing on the exact question here presented, it was said in *Pearson* v. *Wimbish,* 124 *Ga.* 701, 709 (52 S. E. 751, 4 Ann. Cas. 501) : "Furthermore it would seem an inevitable conclusion that if imprisonment may in the first instance follow conviction, the proceeding is to be regarded as criminal." While it seems to be clear that proceedings instituted by the State for violations of penal laws, and prosecutions by municipalities for the infraction of criminal ordinances, are criminal proceedings under the terms of the Code, § 6-901, defining the right to bring cases to courts of review; yet in each of these instances there was involved the possibility of a fine or imprisonment of the accused.

In the instant case, the power of the police committee, in so far as any penalty was concerned, did not provide any authority to deprive the policeman of any loss of liberty, but its power was limited either to suspending him, for a definite or an indefinite period, or discharging him from the police force. The issues before the police committee in the instant case were in the nature of a civil proceeding. The committee had no authority to fine the officer or to deprive him of his liberty. The only authority vested in the committee was to exonerate, to suspend, or to discharge.

The only issue was the retention or the termination of the officer's services. The charges against him were as follows: "You are hereby charged with conduct unbecoming an officer of the police department of the City of Atlanta, and a violation of the rules of the said department in the following particulars." The particulars were that he was "under the influence of intoxicating liquors while on duty." The gist of the charges was his fitness to be an officer of the police department. The mere fact that the act alleged to establish his unfitness was that of being intoxicated or drunk, which might have been a violation of a city ordinance, could amount to no more than the disclosure of such conduct as illustrating his unfitness as an officer. In so far as this trial was concerned, evidence of intoxication could be applied only as determining his violation of the rules of the police department, and his conduct as unbecoming an officer.

We are unable to find any ruling of this court that the State or city was precluded from filing a writ of error, except in cases based upon a State law or a municipal ordinance which would subject the accused to a fine or imprisonment. In *State* v. *Steele,* 112 *Ga.* 39, 42 (37 S. E. 174), without ruling on the exact question here presented, it was said: "No proceeding, even though it was instituted in the name of the State, has ever been held to be a criminal case unless the judgment rendered might in some contingency result in the loss of liberty to the person against whom the proceeding is had." In *State* v. *Lockhart,* 24 *Ga.* 420, the headnote says: "The State has the right to prosecute writs of error to this court, to all decisions in the courts below, respecting bonds, recognizances, etc., and all other matters, not strictly of a criminal nature." In *Mayor &c. of Macon* v. *Shaw,* 16 *Ga.* 172, where the city authorities brought proceedings to dismiss a marshal, and after a certiorari to the superior court, the case was brought by the city to this court, and where there was evidence relating to the criminal conduct of the marshal, this court took jurisdiction of the case, but no point was made therein as to the right of the city to bring the case to this court by writ of error on account of its being a criminal proceeding. In *City of Macon* v. *Anderson,* 155 *Ga.* 607 (117 S. E. 753), the city council had preferred charges against a member of the board of water commissioners for his removal from office for conduct unbecoming a

member, alleging that he had been guilty of embezzlement from a lodge. The accused filed a writ of prohibition, to which a general demurrer by the city was overruled, and the case was brought to this court by writ of error. This court took jurisdiction, though no question as to the right of the city to bring a writ of error was raised. In *Gill* v. *Brunswick*, 118 *Ga.* 85 (44 S. E. 830), the court uses language which upon its face would indicate a ruling to the effect that, where city authorities institute a proceeding to remove an officer from the police force for improper conduct, such is a quasi-criminal proceeding. While the decision makes this statement, it is apparent from the rulings therein made that it was not the intention of the learned Chief Justice to use the term "quasi-criminal," but the term necessarily intended was "quasi-judicial." The case was dealing with the right of the accused to review the rulings and findings of the corporation court by writ of certiorari to the superior court. The question there involved was, not whether the case was quasi-criminal, but whether the corporation court was acting in a quasi-judicial capacity. There was no necessity for determining whether the case was quasi-criminal, as the accused and not the city was seeking a review by certiorari. The case of *Commissioners of Pilotage* v. *Tabbolt*, 72 *Ga.* 89, upon first impression, may appear to be authority for holding that the city in the instant case would not be entitled to file a writ of error. It was there held that, where a pilot was tried before the commissioners of pilotage for a dereliction of duty, the case was quasi-criminal, and the commissioners had no right to a writ of error to this court. But upon an examination of the laws regulating pilotage, as contained in the Code of 1873, revised by Irwin, Lester, and Hill, sections 1504 through 1542, it appears that the commissioners were vested with authority to levy fines against pilots. See sections 1505, 1514, 1532.

Accordingly we hold that where a policeman of the City of Atlanta was tried, found guilty, and discharged by the police committee of the general council of the city, for conduct unbecoming an officer, and for a violation of the rules of the police department, by being under the influence of intoxicating liquors while on duty; and where the power of the police committee, in so far as any penalty was concerned, did not provide any authority to deprive the policeman of any loss of liberty, but was limited either to sus-

pending him for a definite or indefinite period, or discharging him as a member of the police force; the trial was not a criminal proceeding under the provisions of the Code, § 6-901, so as to preclude the city from bringing a writ of error to the Court of Appeals from a ruling by the superior court refusing to dismiss a certiorari obtained by the policeman, as being improvidently sanctioned; and the Court of Appeals erred in so ruling.

*Judgment reversed. All the Justices concur.*