32529. STOWERS *v.* CITY OF ATLANTA.

DECIDED JULY 8, 1949.

*W. Paul Carpenter, Wesley R. Asinof,* for plaintiff in error.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin,* contra.

SUTTON, C. J.   R. J. Stowers, a policeman of the City of Atlanta, was charged by H. T. Jenkins, Chief of Police, with conduct unbecoming an officer of the Police Department of said city, in five counts, as follows:   (1) That he was guilty of drinking intoxicating alcoholic beverages off duty;   (2) was guilty of immoral conduct in that he had been associating with the wife of another man in connection with compromising circumstances; (3) was guilty of conduct unbecoming an officer of the Police Department in that he did engage in a shooting affray with the husband of the said female, Mrs. R. M. Shipp;   (4) was guilty of conduct injurious to the peace and public welfare in that he did shoot at and wound R. M. Shipp;   (5) was guilty of conduct which brought reproach to the Police Department, contrary to the good order and discipline of the department, by engaging in and participating in the things set forth in the preceding counts.   After due notice to said policeman he was tried before the Police Committee of the City of Atlanta and was found guilty of counts 2, 3, 4, and 5, and was dismissed from the Police Department of the City of Atlanta.   He filed his petition for the writ of certiorari which was sanctioned; the writ was

issued and the petition was answered; and upon a hearing thereof the judge of the superior court overruled and denied the petition for certiorari, and the exception here is to that judgment.

This was a quasi-judicial proceeding before the police committee and its judgment was reviewable by the writ of certiorari. *Heath* v. *Atlanta*, 67 *Ga. App.* 85 (19 S. E. 2d, 746); *Beavers* v. *Inman*, 35 *Ga. App.* 404, 411 (133 S. E. 275); *City of Atlanta* v. *Stallings*, 198 *Ga.* 510 (32 S. E. 2d, 256). The sole question here presented for determination is whether or not there was sufficient legal evidence to support the judgment of the police committee finding him guilty and dismissing him from the police department. So, it is necessary to look to the evidence. Counsel for both sides of this case concede that there is a substantial amount of immaterial evidence in the record. But in a proceeding of this kind before the police committee as a quasi-judicial tribunal acting in an administrative capacity, the strict rules governing the admission of testimony in a regular judicial proceeding are not to be rigidly adhered to. The committee had the power and authority to investigate the charges preferred against the defendant and then to determine whether his acts and conduct in respect thereto were such as to authorize his suspension or dismissal from the police department.

There was evidence to the effect that Policeman Stowers was engaged in a shooting affray with one Bob (R. M.) Shipp on the night of February 24, 1948, at which time each of these men was shot by the other; that this shooting took place in the driveway in front of Shipp's residence, about midnight, where Stowers took Shipp's wife home in an automobile. There was evidence that Stowers had been associating with Shipp's wife prior to this time; that Gene Shipp (Mrs. R. M. Shipp) separated from her husband some two or three months before this occurrence and took her clothes and went to Stowers' apartment and that later he went back with her and Frances Peek and got some of her other things and he told Miss Peek that he liked Mrs. Shipp; that on the night of the shooting above referred to, Gene Shipp spent some time with R. J. Stowers at his apartment and they were together there alone about 11 o'clock that night when Jimmy Daniell and Frances Peek went there. These four, Stowers, Gene Shipp, Jimmy Daniell, and Frances Peek, then went to a

near-by liquor store and bought a quart of whisky and went back to Stowers' apartment and drank some of the whisky— Frances Peek testified that they were all drinking; later Stowers took Gene Shipp home in an automobile where the shooting affray took place between R. J. Stowers and Bob Shipp. Stowers and Shipp both were badly injured by the gunshot wounds received that night and they were carried to separate hospitals. The shooting was reported immediately after it happened and the police officers investigated the affair that night soon after it occurred. Captain P. F. Bradford, Lieutenant W. L. Jay, and Policeman Thaxton talked with R. J. Stowers at Grady Hospital that night and he told them that he had taken Mrs. Shipp from his house to her home where the shooting occurred. Stowers' police service revolver was turned over to them and it had three fired cartridges and three unfired or live cartridges in it. They went to Crawford Long Hospital where Shipp had been carried by a neighbor, Ben Hall, and he was in such a condition that he was able for them to talk with him but little; they got in touch with Hall and he gave them a 32 S. & W. revolver, which Mr. Shipp supposedly had, and it had two fired cartridges and four unfired cartridges in it. A 38 slug that had penetrated R. J. Stowers' stomach was turned over to them by Dr. Holloway at Grady Hospital. Captain Bradford and the officers took a sworn statement that night from Jimmy Daniell and one from Miss Frances Peek and both of these parties were present at the trial of Stowers before the police committee. Daniell identified his statement, but refused to testify, and his statement was introduced in evidence. Miss Peek testified and corroborated or reaffirmed substantially her previous sworn statement, and the substance of some of her evidence is above referred to. It appears from the evidence that Mrs. Shipp was drunk that night when the officers saw her and she refused to make a statement, but made one later; that she was not present at the trial, but was out of this State, and Mr. Shipp was not present at the trial as he was not physically able to be there. There was evidence that Mrs. Sylvia Stowers was granted a divorce from R. J. Stowers about a year and a half before his trial before the police committee.

The evidence in the record is set out in question and answer

form and is quite lengthy, and, as stated by counsel, a good deal of it is immaterial. But for the purpose of the investigation and trial of said policeman on the charges preferred against him, we think there is sufficient competent evidence in the record to authorize the judgment of the police committee in finding the defendant guilty and in dismissing him from the police department, and so we hold. See *Heath* v. *Atlanta*, supra. Therefore, the judge of the superior court did not err in overruling and dismissing the petition for certiorari.

*Judgment affirmed. Felton and Worrill, JJ., concur.*