## 47519.  CITY OF GAINESVILLE v. BUTTS.

Eberhardt, Presiding Judge. John Butts, Jr. was convicted in the Recorder's Court of the City of Gainesville on a

charge of disorderly conduct. He applied to and obtained from the Superior Court of Hall County a writ of certiorari. The city's motion to dismiss based upon a failure of the applicant to file a properly approved bond under *Code* § 19-214 was denied and upon a hearing the conviction was set aside, the ordinance being declared to be void for vagueness and uncertainty. The city now appeals from the rulings and judgment of the superior court. *Held:*

" 'The decision of the superior court on certiorari reversing the judgment of a municipal court convicting one of a violation of a municipal ordinance is not subject to review by this court.' *Mayor &c. of Hawkinsville v. Ethridge,* 96 Ga. 326 (22 SE 985); *Mayor &c. of Macon v. Wood,* 109 Ga. 149 (34 SE 322)." *City of Valdosta v. Goodwin,* 21 Ga. App. 664 (94 SE 812); *City of Albany v. Hardy,* 26 Ga. App. 433 (106 SE 311); *Cranston v. City of Augusta,* 61 Ga. 572. The rule applies when the superior court has declared the ordinance to be invalid (*City of Manchester v. Dunn,* 38 Ga. App. 83 (142 SE 747)), or where it is held that the conviction was not authorized by the evidence (*City of Moultrie v. Csiki,* 71 Ga. App. 13 (29 SE2d 785)), and even though the defendant failed to file a valid bond required under *Code* § 19-214. *City of Dacula v. Allen,* 103 Ga. App. 600 (120 SE2d 311). An appeal by the city will not lie on the ground that the judgment of the superior court is void (*City of Manchester v. Rowe,* 60 Ga. App. 567 (4 SE2d 477)), nor will it lie to the denial of the city's motion to dismiss the writ. *Mayor &c. of Hawkinsville v. Ethridge,* 96 Ga. 326, supra. Only the accused may appeal an adverse judgment in a criminal proceeding. *Code Ann.* § 6-901. The city may, of course, appeal adverse rulings in matters other than criminal proceedings. *City of Atlanta v. Stallings,* 198 Ga. 510 (32 SE2d 256).

*Appeal dismissed. Deen and Clark, JJ., concur.*

ARGUED SEPTEMBER 15, 1972—DECIDED SEPTEMBER 25, 1972.

*Palmour & Palmour, J. Ernest Palmour, Jr.,* for appellant.

*Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr.,* for appellee.