A92A1900. DeKALB COUNTY v. GERARD.
(427 SE2d 36)

BEASLEY, Judge.

Gerard was convicted in the DeKalb Recorder's Court of violations of the county's soil erosion ordinance, and she was fined $2,850. She filed a petition for writ of certiorari in superior court pursuant to OCGA § 5-4-1, "for the correction of errors committed by [the] inferior judicatory. . . ." The superior court granted the writ and overturned the convictions. Gerard then filed a motion for an award of attorney fees and litigation expenses pursuant to OCGA § 9-15-14, which applies "[i]n any civil action in any court of record of this state . . . ." OCGA § 9-15-14 (a). Holding that the proceedings in superior court but not recorder's court were civil in nature, the superior court awarded those attorney fees which it found to have been reasonably incurred in connection with counsel's representation of Gerard in superior court. We granted the county's application for discretionary appeal, which was brought under OCGA § 5-6-35 (a) (10). We reverse.

1. A prosecution for violation of a city or county ordinance is a "quasi-criminal" case having the nature of a criminal case, and where a party convicted of an ordinance violation files a petition for certiorari in superior court seeking review of the conviction, the proceeding in superior court is criminal and not civil. *City of Gainesville v. Butts*, 127 Ga. App. 140, 141 (193 SE2d 59) (1972), and the decisions cited therein; *Commissioners of Pilotage of St. Simons v. Tabbott*, 72 Ga. 89, 91 (1883). See also OCGA §§ 5-4-13; 5-4-20 (a). " ' "The decision of the superior court on certiorari reversing the judgment of a municipal court convicting one of a violation of a municipal ordinance is not subject to review by [the Court of Appeals]." [Cits.]' [Cits.] . . . Only the accused may appeal an adverse judgment in a criminal proceeding. [OCGA § 5-6-33]." *Butts*, supra at 141. The county concedes that it could not appeal the superior court's grant of the writ.

Gerard states that the superior court treated this as a civil action by the case number it assigned, but of course this is not determinative. The nature of the certiorari subject matter was no different in the superior court than it was in the recorder's court. It was on appeal from an inferior judicatory, brought on a petition for writ of certiorari pursuant to OCGA § 5-4-1, a special statutory appellate proceeding. See *Cochran v. City of Rockmart*, 242 Ga. 732 (251 SE2d 259) (1978). Since it was criminal, or quasi criminal, it was not a "civil action" within the coverage of OCGA § 9-15-14.

2. Because OCGA § 9-15-14 does not apply to the certiorari proceedings in this case, it is unnecessary to reach the enumeration challenging the amount of the award.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JANUARY 7, 1993.

*Albert S. Johnson, Nancy F. Rigby*, for appellant.
*Schreeder, Wheeler & Flint, Warren O. Wheeler, Mark W. Forsling*, for appellee.