A04A2017. ADAMS et al. v. MADISON COUNTY PLANNING & ZONING.
(609 SE2d 681)

MILLER, Judge.

This is an appeal from the superior court's denial of Thomas and Helen Adams' petition for certiorari. In their petition, the Adamses alleged that the sentence issued by a magistrate court for violation of a Madison County ordinance was void. For the reasons that follow, we reverse and remand this case back to the superior court for consideration of the Adamses' petition.

On January 24, 2003, a magistrate court found the Adamses guilty of violating a Madison County zoning ordinance for operating a paving business on their property. The court ordered them to remove equipment relating to the paving operation within 60 days from the date of the court's order or pay a daily fine of $250. On March 24, 2003, the Adamses moved to set aside the judgment, which motion was denied on June 3, 2003. On June 18, 2003, they filed a petition for certiorari in the superior court. The superior court denied the Adamses' petition because they did not file either their motion to set aside

or their certiorari petition within 30 days of the conviction. The court also found that the magistrate's order was not void on its face.

1. As they did in their petition to the superior court, the Adamses now argue that the magistrate court's order is void on its face because it grants injunctive relief and imposes a fine beyond the court's statutory and constitutional authority. The sentence issued by the magistrate court ordering that the Adamses remove their paving equipment is injunctive in nature. See, e.g., *Childers v. Richmond County*, 266 Ga. 276, 277 (467 SE2d 176) (1996) (trial court granted county's prayer for injunctive relief prohibiting appellants from operating their business and ordering the removal of certain property). However, injunctions are within the exclusive jurisdiction of the superior and appellate courts. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV; see *Giles v. Vastakis*, 262 Ga. App. 483, 484-485 (585 SE2d 905) (2003) (magistrate court's jurisdiction does not include authority to grant injunctive relief); see also OCGA § 15-10-2 (magistrate court has jurisdiction in matters not vested in superior court). Therefore, the magistrate court was without jurisdiction to issue such sentence, and the superior court erred in denying the Adamses' petition on this ground.

2. The Adamses contend that because the magistrate court imposed an illegal sentence which may be challenged at any time pursuant to section 9-11-60 (a) of Georgia's Civil Practice Act, the superior court erred in denying their petition for certiorari as untimely.

A conviction in magistrate court for violating a county ordinance is quasi-criminal in nature, and where a party convicted of an ordinance violation files a petition for certiorari in the superior court seeking review of the conviction, the proceeding in superior court is criminal and not civil. *DeKalb County v. Gerard*, 207 Ga. App. 43 (1) (427 SE2d 36) (1993). Therefore, the Civil Practice Act does not apply. See id. In criminal cases, a void sentence may be challenged in the trial court at any time. See *Williams v. State*, 271 Ga. 686, 688 (1) (523 SE2d 857) (1999). Thus, the Adamses may challenge a void sentence in the superior court even after the expiration of the 30 days allowed for filing a petition for certiorari. We therefore hold that the trial court erred in denying the Adamses' petition on this ground.

3. The Adamses' remaining claims are rendered moot by our holdings in Divisions 1 and 2.

*Judgment reversed and case remanded. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 21, 2005.

*Jenkins & Olson, Frank E. Jenkins III, Brandon L. Bowen*, for appellants.

*Haygood & Pruett, Michael C. Pruett*, for appellee.