**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**September 20, 2023**

# In the Court of Appeals of Georgia

A23A0903. 400 EDGEWOOD, LLC v. CITY OF ATLANTA

PIPKIN, Judge.

We granted this discretionary appeal to address whether the superior court properly affirmed the decision of the municipal court to abate an alleged public nuisance located on Edgewood Avenue. For the reasons discussed below, we reverse the decision of the superior court.

400 Edgewood, LLC ("Edgewood"), owns a gas station and convenience store located at 400 Edgewood Avenue ("the Property") in downtown Atlanta. After numerous criminal incidents occurred on or near the Property, the City of Atlanta ("the City") filed a complaint _in rem_ to abate an alleged public nuisance at the Property pursuant to OCGA § 41-2-1 et seq., and the Atlanta Municipal Code Art. 1 §§ 19 and 25. Specifically, the City alleged that "it is the duty of the owners and occupants of any

premises to maintain [the] property in a state of good repair and in conformance with State and local law and clear of any public or attractive nuisance." The City alleged that the owner/occupiers of the Property "failed to discharge these duties" and that the "criminal and unlawful activity occurring at the subject Property" constituted a public nuisance. The City requested that the municipal court "close and immediately secure the Property so that it cannot be used in connection with the commission of illegal activity."[1]

After a hearing, the municipal court judge entered an order finding that: "the evidence presented was insufficient to support a finding that the Property itself created a public nuisance"; while crimes occurred at and around the Property, the City "never identified how the Property itself was responsible for or caused any of these crimes"; "[t]here was no testimonial evidence that the Property contributed to the crime that occurred on and around the Property other than being the location where an otherwise lawful business operates"; and that the City "ha[d] not met its burden of proof regarding closure of the Property."[2] However, the municipal court also found that "the evidence

[1] We note, solely for the purpose of providing background information, that the complaint did not include an allegation that the Property was a public nuisance under OCGA 41-3-1 et seq., which concerns properties used for drug and sex crimes.

[2] The City did not file a cross-appeal to challenge that portion of the municipal court's order.

2

support[ed] a finding that *the operation of the business* at the Property [was] a nuisance." (Emphasis supplied.) The municipal court then ordered Edgewood to install additional security cameras, hire "competent security," and reduce the hours of operation of the gas station and convenience store for one year.

Edgewood filed a petition for certiorari review in the superior court, which affirmed the municipal court's order.[3] We granted Edgewood's application for discretionary appeal; Edgewood argues, as it did in the superior court, that the municipal court exceeded its authority by, among other things, placing restrictions and requirements on the operation of the gas station and convenience store located at the Property. Reviewing this question of law de novo, see *Eichenblatt v. Piedmont/Maple, LLC*, 358 Ga. App. 234, 237 (1) (854 SE2d 572) (2021), we agree.

In this case, the municipal court ordered Edgewood to install additional security cameras and hire "competent security," and the court also reduced the hours of operation of the gas station and convenience store located at the Property. In other words, the municipal court order crafted an injunctive remedy in this case because it imposed an affirmative duty on Edgewood to both perform (by enhancing security

---

[3] After affirming the municipal court's decision on the merits, the superior court ostensibly dismissed Edgewood's writ of certiorari.

3

measures) and refrain from performing (by limiting the business's hours of operation) specific acts. See *Burton v. Glynn County*, 297 Ga. 544, 550 (4) (776 SE2d 179) (2015) ("An injunction, by contrast, imposes and affirmative duty on the party enjoined to either perform - or refrain from performing - a specified act."). And it is well settled that a municipal court does not have the authority to enter injunctive relief. See *Adams v. Madison County Planning & Zoning*, 271 Ga. App. 333, 334 (1) (609 SE2d 681) (2005) ("[I]njunctions are within the exclusive jurisdiction of the superior and appellate courts."). The superior court erred by affirming the decision of the municipal court on this basis.[4] Consequently, we reverse the decision of the superior court.[5]

*Judgment reversed. Dillard, P. J., and Rickman, J., concur.*

---

[4] The City relies on the decision in *Stone Man, Inc. v. Green*, 263 Ga. 470 (435 SE2d 205) (1993), to argue that the municipal court had the authority to fashion an injunctive remedy in this case. However, the declaratory relief sought in that case was pursued in *superior* court, not municipal court, making that case inapplicable.

[5] Edgewood also argues that the court erred by affirming the municipal court's merits finding that the business created a public nuisance, and further argues that the municipal court exceeded its *in rem* authority under OCGA § 41-2-1 et seq., and Atlanta's Municipal Code. We need not address these claims, however, because we find that the municipal court improperly ordered injunctive relief. We do note that the City's complaint and the orders from both the municipal and superior courts cite to OCGA § 41-2-1 et seq., and Atlanta's Municipal Code as authority for bringing the nuisance action. Likewise, the parties' briefing to this Court, as well at their briefing and arguments in the superior court, relied on portions of Atlanta's Municipal Code. However, a certified copy of the code is not in the record before this Court nor was it properly before the superior court.